RTP:MEC/FTB
F. #2015R00524

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DONAL O'SULLIVAN, HELEN
O'SULLIVAN and PADRAIG
NAUGHTON,

      Defendants.

- - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. _____
(T. 18, U.S.C., §§ 371, 664, 981(a)(1)(C),
1027, 1341, 1343, 1349, 2
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

CR 20 272
KUNTZ, J.
KUO, M.J.

THE GRAND JURY CHARGES:

  At all times relevant to this Indictment, unless otherwise indicated:

INTRODUCTION

I. The Defendants, Relevant Entities and Other Individuals

  1. Navillus Tile, Inc. d/b/a Navillus Contracting ("Navillus") was one of the largest construction firms in New York City and operated primarily as a masonry and concrete subcontractor on large union construction projects. Navillus was owned by the defendant DONAL O'SULLIVAN, who was its President and controlled its overall operations.

  2. Navillus was a member of the employer association known as the Building Contractors Association, Inc. ("BCA"). The defendant DONAL O'SULLIVAN authorized the BCA to represent Navillus for the purpose of entering Navillus into collective bargaining agreements ("CBAs") with labor union organizations including: (i) the

Bricklayers and Allied Craft Workers Local Union No. 1, (ii) the New York City District Council of Carpenters, (iii) the Cement Masons Union, (iv) the Cement and Concrete Workers District Council, (v) the Mason Tenders District Council, (vi) the Pointers, Cleaners and Caulkers and (vii) the International Brotherhood of Teamsters Local 282 (the "Unions").

3. Each of the Unions administered funds including health, pension and annuity funds, for the benefit of their respective members (the "Benefits Funds"). The Benefits Funds were subject to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), Title 29, United States Code, Sections 1001 et seq., a federal law enacted to protect employee pension and welfare benefit plans such as the Benefits Funds and their participants and beneficiaries by regulating reporting, record keeping, disclosure and other matters affecting the operation of such plans.

4. Navillus, as a signatory to the CBAs, was required to employ union members on construction projects located in New York City ("covered work"). Navillus was also required to make periodic contributions to the Benefits Funds for the union members who performed covered work. Navillus, however, employed both union and non-union workers to perform covered work, in violation of the CBAs to which it was a signatory. Additionally, although the CBAs prohibited Navillus from employing non-union workers, if Navillus did, in fact, employ non-union workers to perform covered work, Navillus was required by the terms of the CBAs to contribute to the Benefits Funds on the non-union workers' behalf and for the benefit of the Benefits Funds.

5. Pursuant to the CBAs, Navillus's contributions to the Benefits Funds were based upon the number of hours worked by each worker. To ensure that the Benefits Funds received the contributions that Navillus had agreed to pay pursuant to the CBAs,

Navillus was required to periodically file remittance reports (the "Remittance Reports") with the Benefits Funds that detailed the number of hours worked by each union and non-union worker.

6. The defendant HELEN O'SULLIVAN was an employee of Navillus in charge of the payroll department and employee benefit matters. Among other responsibilities, O'SULLIVAN processed payroll checks for Navillus's employees and submitted Remittance Reports and Navillus's accompanying monetary contributions to the Benefits Funds.

7. The defendant PADRAIG NAUGHTON was Navillus's comptroller. As comptroller, NAUGHTON's responsibilities included overseeing Navillus's accounting department. NAUGHTON reported directly to the defendant DONAL O'SULLIVAN.

8. John Doe, an individual whose identity is known to the Grand Jury, owned and operated a consulting company that provided construction companies, including Navillus, with surveys and construction project estimates (the "Consulting Firm").

9. Jane Doe, an individual whose identity is known to the Grand Jury, was employed by the Consulting Firm as a secretary. Jane Doe's responsibilities at the Consulting Firm included billing and payroll.

10. Automatic Data Processing, Inc. ("ADP"), with offices in Roseland, New Jersey and elsewhere, was a payroll processing company that provided payroll and related services for private businesses.

II. The Fraudulent Scheme

11. In or about and between 2011 and 2017, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others,

conspired to execute, and executed, a scheme to evade making the contributions that Navillus was required to make to the Benefits Funds under the CBAs (the "Payroll Scheme").

12. In furtherance of the Payroll Scheme, the defendants paid and caused to be paid certain Navillus employees (the "Designated Employees") with checks issued by the Consulting Firm. The Designated Employees were paid with checks issued by the Consulting Firm even though the Designated Employees had not performed any work for the Consulting Firm and had only worked for Navillus. Neither Navillus, nor the Consulting Firm, made contributions to the Benefits Funds on behalf of the Designated Employees, nor submitted Remittance Reports to the Benefits Funds.

13. The defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON financed the Payroll Scheme by sending funds to the Consulting Firm on a weekly basis (the "Payroll Scheme Funds"). During the course of the scheme, the defendants sent the Consulting Firm approximately $7,242,990 in Payroll Scheme Funds. The defendants also sent payroll information for the Designated Employees, including their names, social security numbers, IRS Forms W-4, the number of hours worked for Navillus, the employees' wage rates and the amount to be paid to each Designated Employee (the "Payroll Details") to the Consulting Firm. To conceal the fraudulent scheme, Jane Doe submitted false Consulting Firm billing invoices (the "False Invoices") to Navillus to make it appear that the Payroll Scheme Funds were payments for "masonry" and "consulting" work performed by the Consulting Firm for Navillus.

14. John Doe and Jane Doe regularly electronically transmitted the Payroll Details from the Consulting Firm's office in Queens, New York, to ADP in New Jersey and instructed ADP to issue Consulting Firm payroll checks made payable to the Designated

Employees. The Payroll Scheme Funds were also used to pay Jane Doe's salary, payroll taxes, ADP's fees and John Doe's fee for facilitating the scheme.

15. After ADP created the Consulting Firm paychecks made payable to the Designated Employees, ADP delivered the paychecks to the Consulting Firm via private and commercial interstate carriers.

16. By engaging in this scheme, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON evaded making more than $1 million in required contributions to the Benefits Funds.

## COUNT ONE
(Mail and Wire Fraud Conspiracy)

17. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

18. In or about and between 2011 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did knowingly and intentionally conspire to:

(a) devise a scheme and artifice to defraud the Benefits Funds, and to obtain money and property from the Benefits Funds by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, cause mail matter to be delivered by one or more mail and private and commercial interstate carriers, according to the directions thereon, contrary to Title 18, United States Code, Section 1341; and

(b) devise a scheme and artifice to defraud the Benefits Funds, and to obtain money and property from the Benefits Funds by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, one or more writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO THROUGH FOUR
(Wire Fraud)

19. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

20. In or about and between 2011 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Benefits Funds, and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises.

21. On or about the dates set forth below, for the purpose of executing such scheme and artifice, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAID NAUGHTON, together with others, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, as set forth below:

| Count | Approximate Date of Wire Transmission | Description of Wire Communication |
|---|---|---|
| TWO | August 7, 2015 | Transmission of Payroll Details from Consulting Firm's office located in Queens, New York, to ADP's office located in Roseland, New Jersey, via ADP's web portal |
| THREE | August 14, 2015 | Transmission of Payroll Details from Consulting Firm's office located in Queens, New York, to ADP's office located in Roseland, New Jersey, via ADP's web portal |
| FOUR | October 16, 2015 | Transmission of Payroll Details from Consulting Firm's office located in Queens, New York, to ADP's office located in Roseland, New Jersey, via ADP's web portal |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNTS FIVE THROUGH SEVEN
(Mail Fraud)

22. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between 2011 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Benefits Funds, and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises.

24. On or about the dates set forth below, for the purpose of executing such scheme and artifice, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and

PADRAIG NAUGHTON, together with others, did cause matters and things to be delivered by mail and private and commercial interstate carrier, according to the directions thereon, as set forth below:

| Count | Approximate Date of Mailing | Description of Mailing |
|---|---|---|
| FIVE | August 7, 2015 | Mailing from ADP's office located in Roseland, New Jersey, to the Consulting Firm's office located in Queens, New York, of paychecks for Designated Employees |
| SIX | August 14, 2015 | Mailing from ADP's office located in Roseland, New Jersey, to the Consulting Firm's office located in Queens, New York, of paychecks for Designated Employees |
| SEVEN | October 16, 2015 | Mailing from ADP's office located in Roseland, New Jersey, to the Consulting Firm's office located in Queens, New York, of paychecks for Designated Employees |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNT EIGHT
(Conspiracy to Embezzle From Employee Benefit Funds)

25. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

26. In or about and between 2011 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did knowingly and willfully conspire to embezzle, steal and unlawfully abstract and convert to their own use and the use of one or more others, the moneys, funds, credits, property and other assets of one or more employee welfare benefit plans and employee pension benefit plans subject to Title I of ERISA, to wit: the right to collect monies owed to

the Benefits Funds, which were operated on behalf of the Unions, contrary to Title 18, United States Code, Section 664.

27. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did commit and cause the commission of, among others, the following:

### OVERT ACTS

(a) On or about December 10, 2015, Navillus issued check number 195347 in the amount of $13,344.66, payable to the Consulting Firm.

(b) On or about December 31, 2015, Navillus issued check number 195467 in the amount of $15,572.85, payable to the Consulting Firm.

(c) On or about June 1, 2016, Navillus issued check number 196354 in the amount of $13,584.00, payable to the Consulting Firm.

(d) On or about June 30, 2016, in a recorded telephone call, Jane Doe and PADRAIG NAUGHTON discussed the issuance of payroll checks for the June 2016 payroll period for the Designated Employees.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT NINE
(Embezzlement from Employee Benefit Funds)

28. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

29. In or about and between 2011 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did knowingly and intentionally embezzle, steal and unlawfully and willfully abstract and convert to their own use and the use of one or more others, moneys, funds, credits, property and other assets of one or more employee pension and welfare benefit plans subject to Title I of ERISA, to wit: the right to collect monies owed to the Benefits Funds, which were operated on behalf of the Unions.

(Title 18, United States Code, Sections 664, 2 and 3551 et seq.)

## COUNT TEN
(Conspiracy to File False Remittance Reports)

30. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

31. In or about and between 2011 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, knowingly and willfully conspired to make and cause to be made one or more false statements and representations of fact, and concealed, covered up and failed to disclose one or more facts, the disclosure of which was required by Title I of ERISA, and which facts were necessary to verify, explain, clarify and check for accuracy and completeness one or more reports required to be published and certified by Title 1 of ERISA, to wit: one or more false Remittance Reports submitted to the Benefits Funds, contrary to Title 18, United States Code, Section 1027.

32. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN,

HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) On or about September 24, 2015, DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON caused a false Remittance Report, dated August 21, 2015, to be filed with the Mason Tenders' District Council Trust Funds that omitted Employee No. 1, an individual whose identity is known to the Grand Jury and who was a Designated Employee, as having performed covered work for the weekly pay periods ending July 21, 2015 and July 28, 2015.

(b) On or about October 20, 2015, DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON caused a false Remittance Report, dated October 5, 2015, to be filed with the Mason Tenders' District Council Trust Funds that omitted Employee No. 2, an individual whose identity is known to the Grand Jury and who was a Designated Employee, as having performed covered work for the weekly pay periods ending August 4, 2015 and August 11, 2015.

(c) On or about December 8, 2015, DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON caused a false Remittance Report, dated October 29, 2015, to be filed with the Mason Tenders' District Council Trust Funds that omitted Employee No. 3, an individual whose identity is known to the Grand Jury and who was a Designated Employee, as having performed covered work for the weekly pay periods ending September 8, 2015, September 15, 2015, September 22, 2015 and September 29, 2015.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT ELEVEN
(Submission of False Remittance Reports)

33. The allegations contained in paragraphs one through 16 are realleged and incorporated as if fully set forth in this paragraph.

34. In or about and between 2011 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, together with others, did knowingly and intentionally make and cause to be made one or more false statements and representations of fact, and concealed, covered up and failed to disclose one or more facts, the disclosure of which was required by Title I of ERISA, and which facts were necessary to verify, explain, clarify and check for accuracy and completeness one or more reports required by Title I of ERISA to be published and kept as part of the records of employee benefit plans and employee benefit plans, to wit: the submission of one or more false Remittance Reports made to the Mason Tenders' District Council Trust Funds that omitted Employees Nos. 1, 2 and 3 as having performed covered work.

(Title 18, United States Code, Sections 1027, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH ELEVEN

35. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Eleven, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of such offenses.

36. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c)).

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2015R00524
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DONAL O'SULLIVAN, HELEN O'SULLIVAN AND PADRAIG NAUGHTON

Defendants.

## INDICTMENT

(18 U.S.C. §§ 1349, 1343, 1341, 1027, 981(a)(1)(C), 664, 371, 2 and 3551 et seq.; 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c))

*A true bill.*

_____ *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____