**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**BY ECF**

October 15, 2020

The Honorable Pamela K. Chen
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *U.S. v. Donal O'Sullivan et al.*, No. 20 Cr. 272 (PKC)

Dear Judge Chen:

I represent the defendant Donal O'Sullivan in the above-referenced matter. I respectfully write, on behalf of all of the parties, in response to the Court's October 8, 2020 order directing the parties to submit a joint status report and concerning a new conference date. As described in further detail below, while the parties have met and conferred in accordance with the Court's order, the parties have been unable to resolve differences concerning the schedule for the production of remaining Rule 16 discovery, several issues with the discovery produced to date, and other issues relevant to pre-trial motion practice. We therefore respectfully seek the Court's guidance on these matters.

**Production of Rule 16 Discovery**

With respect to Rule 16 discovery, the government has made five productions to date, consisting of over one hundred thousand documents, seven brief audio recordings, and other relevant documents and data, including financial records, payroll reports, subsets of relevant documents seized from computers, documents from publicly filed civil litigation involving the defendants' employer, and information received from a variety of third-party custodians. The government anticipates making additional productions consisting of, among other things, electronic copies of approximately two boxes of hard copy documents seized during a consent search in 2015 (and referenced in the government's October 6, 2020 discovery letter); an email account seized in 2017; files from the Federal Bureau of Investigation and other investigative agencies; and full access to certain computers containing information relevant to the charges in the indictment (as noted above, selected relevant documents from these computers have already been produced). The defendants have requested additional information in their joint discovery letter, dated September 16, 2020, to which the government has not yet responded and which is attached hereto as Exhibit 1.

It is the government's position that, taking into consideration logistical challenges posed by individuals working largely remotely, it can complete the production of most of the remaining Rule 16 discovery by the end of October. At that time, the government will be in a position to

reassess what materials remain to be produced, with the expectation that the remaining discovery would be largely cumulative of prior productions.

The defendants object to the government's proposed timeline, particularly in light of the Court's prior order—issued over six weeks ago—that "as much [discovery] as possible" be produced in this matter by October 1. *See* Sept. 1, 2020 Tr. at 23:2. While the defendants are cognizant of the difficulties posed to all parties by the COVID-19 pandemic, the indictment in this case was filed in July 2020; the vast majority of Rule 16 discovery the defendants have received to date has been in the government's possession for years; and it is the defendant's understanding that much, if not all, of the remaining discovery has also been in the government's possession for years. For those reasons, and in light of the defendants' desire to move this matter forward expeditiously, the defendants have already sought—and continue to seek—a far more alacritous production of the remaining discovery.

In addition, while the defendants respectfully reserve the opportunity to raise additional concerns with the government's productions, once the full scope of those productions becomes more clear, there are two disputes concerning the productions to date that are now ripe for the Court's attention.

*First*, as discussed at the parties' September 1, 2020 status conference, the government has withheld data from a cooperating witness's hard drive, collected by the government in 2017, that it has identified as potentially subject to the cooperator's attorney-client privilege. During the September 1 status conference, the government represented to the Court that one reason for the government's delay in producing discovery was that the government was reviewing and redacting allegedly privileged attorney-client communications contained on those hard drives. *See* Sept. 1, 2020 Tr. at 15:8-20, 16:25-17:4, 19:25-21:8. In its September 1, 2020 and October 6, 2020 discovery letters, the government disclosed that it identified the potentially privileged material by running search terms across the data; this week the government explained to the defendants that the government has not independently examined (or redacted) the withheld documents to determine whether they are, in fact, privileged. The government's October 6, 2020 production also included documents showing how the government came to possess the computer in question, which was provided to the government through a consent search; these documents were provided in part to comply with the Court's directive at the September 1, 2020 conference to explain how the materials came to be in the possession of the government so that the defendants can pursue a possible privilege-waiver claim.

The government is investigating assigning a taint team to review the documents identified by the search terms for the purpose of creating a privilege log of the documents, but the government is not prepared to offer a deadline for that effort at this time. In the meantime, the government has informed the defendants that there is currently no practicable way for defendants to inspect the full hard drive given the presence of the allegedly privileged information. In the government's view, the contents of the documents that were segregated based on search terms designed to identify potentially privileged communications do not bear on the threshold issue of whether the privilege has been waived, nor are they likely to contain materials discoverable under Rule 16. Thus, the government requests that the Court defer setting any deadline for the review of potentially privileged documents even if it were to set a briefing schedule on the question of waiver.

2

The defendants respectfully request that the Court set deadlines for a taint team to review the documents and produce a privilege log as expeditiously as possible. Very simply, a key cooperating witness provided full access to his computers to the government, without any indication of which the defendants are aware that he was asserting attorney-client privilege over any of its contents. The prospect of a potential waiver is readily apparent. Moreover, the government's shifting explanations for how it has (or hasn't) reviewed these materials provides little confidence that—absent this Court's intervention—this issue will be resolved in an appropriate and timely way. And the government's suggestion—without even having reviewed the documents in question—that they are not likely to contain Rule 16 material is, at the very least, baffling. Given all these circumstances, a directive that the government review the documents and provide a privilege log—along with any other information that bears on the issues of privilege and waiver—is amply justified, particularly given that these steps may be necessary predicates to potential litigation over the existence and scope of the asserted privilege, including any waiver of it. For the avoidance of doubt, the defendants reserve all rights to raise the issue of waiver of privilege.

*Second*, thousands of documents produced by the government are not Bates-stamped, as is customary and routine in both civil and criminal cases litigated in New York City (and elsewhere)—by parties large and small, government and private. This has unnecessarily complicated, and will continue to complicate, the defendants' review, tracking, and identification of the discovery material produced to date. The government has agreed to review specific folders identified by the defendants, the contents of which the defendants would like individually Bates numbered. The government has reserved its right to take the position that the individual Bates numbering of particular documents in these folders is overly burdensome and unnecessary on a folder-by-folder basis. The defendants' request is simple: the government should be ordered to do nothing more or less than what litigants ordinarily do voluntarily—provide Bates-stamped versions of its document productions, including Bates stamping of all pages of documents where applicable.

**Other Discovery Issues**

On September 16 and 29, 2020, the defendants submitted letters to the government, setting forth requests for specific discovery and a bill of particulars, respectively (the latter letter is attached hereto as <u>Exhibit 2</u>). It is the government's position that discussion of these requests should be deferred while the government works to complete its production of Rule 16 discovery. The government contends that many, if not all, of the requests are premature, duplicative of the government's existing discovery obligations, or already addressed in the productions to date. In addition, some of the requests seek documents that are not discoverable under Rule 16, *Brady*, the Jencks Act, or any other authority.

The defendants object to this approach. Simply put, there is no good reason why the government cannot do what the government ordinarily does in criminal matters: review defendants' discovery and bill of particulars requests, and respond to them in a timely fashion. Delaying resolution of these requests—which, depending on the government's responses, could require considerable motion practice—will almost certainly further extend the completion of discovery and unnecessarily prolong these proceedings. As a result, the defendants respectfully

3

request that the government be ordered to meet and confer with the defendants concerning these requests prior to the proposed October 23 pre-trial conference, and to respond to those requests in writing by the date of the conference.

**Status Conference Date**

It is the government's position that the prior status conference date of October 16 should be adjourned for 30 days, with the parties reconvening on November 16 (or other date convenient to the Court), once the government has substantially completed its production of Rule 16 discovery. The government respectfully submits that the additional three weeks sought by the government beyond the date proposed by the defendants will give the government the time it needs to near substantial completion of discovery and provide the parties with an opportunity to meet and confer on any remaining discovery issues without causing any prejudice whatsoever to the defendants or to the efficient adjudication of the case.

The defendants do not agree with the government's position. Indeed, given the extraordinarily long time the government had to prepare to meet its discovery obligations in this case, even before the indictment was returned in July, the fact that it suggests that it will not be able to *fully* comply with those obligations even by *mid-November*—two and a half months after this Court ordered the government to comply with its discovery obligations as much as possible by October 1—is simply unacceptable.

Because the defendants propose that discovery should be completed with far greater alacrity, the defendants consent to the adjournment of the October 16 status conference, and propose that the conference instead occur telephonically on October 23 at 10:00 a.m., as proposed by the Court in its October 8 order, so that the Court can ensure that the government timely and fully comply with its legal obligations in this case. The defendants agree to the exclusion of time to that date, on the ground that doing so will enable the parties to further confer and advance the discovery process, provide the defendants with the information to which they are entitled in order to properly defend themselves against the charges, and will therefore be in the interests of justice.

We thank the Court for its consideration of these matters.

Respectfully submitted,

/s/ *Alan Vinegrad*

Alan Vinegrad

cc (by ECF): All counsel of record