**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

vs.

DONAL O'SULLIVAN, HELEN O'SULLIVAN and
PADRAIG NAUGHTON,

         Defendants.

No. 20-CR-272(PKC)

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR A BILL OF PARTICULARS**

**CADWALADER, WICKERSHAM & TAFT LLP**
Sean F. O'Shea (Sean.O'Shea@cwt.com)
Todd Blanche (Todd.Blanche@cwt.com)
Amanda L. Devereux (Amanda.Devereux@cwt.com)
200 Liberty Street
New York, New York 10281
Tel.: (212) 504-6000
Fax: (212) 504-6666

*Attorneys for Defendant Padraig Naughton*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

PROCEDURAL HISTORY...................................................................................................1

ARGUMENT .........................................................................................................................3

      I.      PARTICULARS ARE REQUIRED TO
             IDENTIFY CO-CONSPIRATORS TO PREPARE
             FOR TRIAL AND AVOID SURPRISE.......................................................7

      II.     PARTICULARS REQUESTED ...............................................................12

CONCLUSION.....................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*United States v. Anton*, No. 99-CR-1019(RPP),
  2000 WL 134328 (S.D.N.Y. Feb. 3, 2000)................................................................5

*United States v. Barrera*,
  950 F. Supp. 2d 461 (E.D.N.Y. 2013) ....................................................................6

*United States v. Barrett*,
  153 F. Supp. 3d 552, 572-73 (E.D.N.Y. 2015)......................................................6

*United States v. Bin Laden*,
  92 F. Supp. 2d 225 (S.D.N.Y. 2000)........................................................................9

*United States v. Bortnovsky*,
  820 F.2d 572 (2d Cir. 1987).................................................................................3, 9

*United States v. Clarkson Auto Elec., Inc.*,
  No. 10-CR-6111G(CJS)(MWP),
  2014 WL 3906324 (W.D.N.Y. Aug. 8, 2014) ..........................................................4

*United States v. Failla*, No. CR-93-00294(CPS),
  1993 WL 547419 (E.D.N.Y. Dec. 21, 1993) .......................................................5, 6

*United States v. Graham*,
  477 F. App'x 818 (2nd Cir. 2012) ...........................................................................6

*United States v. Johnson*, Dkt. 61, No. 16-CR-457(NGG)
  (E.D.N.Y. May 24, 2017) (Memorandum and Order)............................................5

*United States v. Kahale*,
  789 F. Supp. 2d 359 (E.D.N.Y. 2009) ...........................................................6, 9, 10

*United States v. Kaplan*, No. 02-CR-883(DB),
  2003 WL 22880914 (S.D.N.Y. Dec. 5, 2003) ........................................................9

*United States v. Kumar*, Dkt. 117, No. 04-CR-846(ILG) (E.D.N.Y. Dec. 7, 2005)
  (Memorandum and Order) ......................................................................................4

*United States v. Mahabub*, No. 13-CR-908-1(AJN), 2014 WL 4243657 (S.D.N.Y. Aug.
  26, 2014) .................................................................................................................3

*United States v. Martoma*, No. 12-CR-973(PGG), 2013 WL 2435082 (S.D.N.Y. June 5,
  2013) .......................................................................................................................4

*United States v. Moazzam*, No. 92-CR-152(TPG),
   1993 WL 36175 (S.D.N.Y. Feb. 5, 1993) ................................................................5

*United States v. Nachamie*,
   91 F. Supp. 2d 565 (S.D.N.Y. 2000) .............................................................3, 6, 7

*United States v. Nordlicht*, No. 16-CR-00640(BMC),
   2017 WL 4797829 (E.D.N.Y. Oct. 23, 2017) ........................................................3

*United States v. Oluigbo*,
   375 F. App'x 62 (2nd Cir. 2010) ...........................................................................6

*United States v. Oruche*, No. 07-CR-0124(WHP),
   2008 WL 612694 (S.D.N.Y. Mar. 5, 2008) ........................................................6, 8

*United States v. Rajaratnam*, No. 09-CR-1184(RJH),
   2010 WL 2788168 (S.D.N.Y. July 13, 2010) .........................................................4

*United States v. Savin*, No. 00-CR-45(RWS),
   2001 WL 243533 (S.D.N.Y. March 13, 2001) .................................................6, 9, 10

*United States v. Taylor*,
   707 F. Supp. 696 (S.D.N.Y. 1989) .....................................................................10

**Statutes**

18 U.S.C. § 664 ............................................................................................1, 2

18 U.S.C. § 1027 ...............................................................................................2

18 U.S.C. § 1341 ...............................................................................................1

18 U.S.C. § 1343 ...............................................................................................1

**Rules**

Fed. R. Crim. P. 7(f) .........................................................................................3

**Other Authorities**

Justice Manual § 9-27.760 ................................................................................5

**Filings**

*United States v. Blaszczak*, Dkt. 109, No. 17-CR-357(LAK)
   (S.D.N.Y. Dec. 20, 2017) (Hearing Transcript) ..................................................3

*United States v. Daugerdas*, Dkt. 256-1, No. 09-CR-581(WHP)
   (S.D.N.Y. Jan. 19, 2011) (List of Co-Conspirators and Their Attorneys) ...............4

*United States v. Daugerdas*, Dkt. 296, No. 09-CR-581(WHP)
(S.D.N.Y. Feb. 3, 2011) (Government's Omnibus Response
to Defendants' Motions in Limine)........................................................................4

*United States v. Gupta*, Dkt. 47, No. 11-CR-907(JSR)
(S.D.N.Y. April 9, 2012) (Bill of Particulars) ...........................................................6

*United States v. Jaeggi*, Dkt. 194, No. 04-CR-519(LDW)
(E.D.N.Y. Sept. 28, 2005) (Letter from Government)................................................5

*United States v. Newman*, Dkt. 59, No. 12-CR-121(RJS)
(S.D.N.Y. May 11, 2012) (Initial Bill of Particulars)...............................................4

*United States v. Steinberg*, Dkt. 287, No. 12-CR-121(RJS)
(S.D.N.Y. July 9, 2013) (Memorandum of Law in
Support of Defendant Michael Steinberg's Pretrial
Motions for Remedial Measures to Address Pretrial
Publicity and for a Bill of Particulars) .....................................................................4

*United States v. Steinberg*, Dkt. 299, No. 12-CR-121(RJS)
(S.D.N.Y. Sept. 19, 2013) (Final Bill of Particulars).................................................4

*United States v. Teeple*, Dkt. 80-19, No. 13-CR-339(VEC)
(S.D.N.Y. Mar. 19, 2014) (Letter from Government) ...............................................4

*United States v. VanCamp*, Dkt. 43, No. 10-CR-92(HKS)
(W.D.N.Y. May 6, 2011) (Reponse to Pretrial Motions) ..........................................4

*United States v. Walters*, Dkt. 72, No. 16-CR-338(PKC)
(S.D.N.Y. Sept. 23, 2016).....................................................................................5, 6

*United States v. Yaron*, Dkt. 87, No. 10-CR-363(GBD)
(S.D.N.Y. May 12, 2011) (Government's Memorandum
in Opposition to Defendants' Pretrial Motions).......................................................4

## PRELIMINARY STATEMENT[1]

The Indictment in this case charges Defendants Donal O'Sullivan, Helen O'Sullivan, and Padraig Naughton (collectively, "**Defendants**") with participating in an alleged "payroll scheme" and conspiracy to deprive benefits funds associated with labor unions of health, pension, and annuity funding.  The Indictment alleges, in general terms, a scheme whereby individuals who performed work for Navillus Tile, Inc. ("**Navillus**") were paid through "a Consulting Firm" which did not make payments allegedly owed to labor union benefit funds pursuant to collective bargaining agreements.

According to the Indictment, in addition to the Defendants, the alleged scheme involved "others" at every step of the way.  The Indictment, however, fails to provide the identities of the alleged unindicted co-conspirators and co-participants referenced but not named in the Indictment.

The voluminous discovery provided by the Government has likewise failed to answer this basic question.  To date, the Government has produced over 125,000 documents, totaling in excess of 125 gigabytes of material.  This data "dump" is not a substitute for the particulars Defendants require to prepare their defense.  A bill of particulars is necessary to cure the vagueness in the Indictment, permit Defendants to prepare a defense, and prevent trial by ambush.

## PROCEDURAL HISTORY

On June 29, 2020, a grand jury indicted Defendants on a total of eleven counts: a single count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 (Count One); three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Two through Four); three counts of mail fraud in violation of  18 U.S.C. § 1341 (Counts Five through Seven); one count of conspiracy to embezzle from employee benefit funds in violation of 18 U.S.C. § 664

---

[1]   This memorandum of law and the accompanying notice of motion have been filed by counsel for Padraig Naughton on behalf of all Defendants, who join in the motion.

(Count Eight); one count of embezzlement from employee benefits funds in violation of 18 U.S.C. § 664 (Count Nine); one count of conspiracy to file false remittance reports in violation of 18 U.S.C. § 1027 (Count Ten); and one count of submission of false remittance reports in violation of 18 U.S.C. § 1027 (Count Eleven). The Indictment was unsealed, and the Defendants were arraigned, on July 30, 2020.

On September 29, 2020, counsel for Defendant Helen O'Sullivan sent the Government a letter, on behalf of all Defendants, requesting a bill of particulars. (*See* Dkt. 55-2.) On October 20, 2020, the Court ordered the Government to meet and confer with defense counsel and file a written response regarding the request for a bill of particulars by October 22, 2020. In its letter, the Government acknowledged generally, in a catchall paragraph concerning "remaining requests," that it has refused to identify the unindicted alleged co-conspirators and co-participants. (Dkt. 60 at 2.) The Government did not provide any basis for that refusal apart from a blanket statement that Defendants' "remaining requests" seek information which the Government does not believe Defendants are entitled to at this time. (*Id.*) During a status conference on October 23, 2020, the Court ordered Defendants to file their motion for a bill of particulars by November 6, 2020.

To date, the Government has produced discovery pursuant to cover letters dated August 26, September 1, September 14, September 22, October 6, October 21, and October 28, 2020. (*See* Dkts. 33-34, 43-45, 47, 49-50, 53, 57, and 63.) That discovery includes over 125,000 documents totaling over 125 gigabytes, consisting of a mix of emails, audio files, call logs, images, bank records, and other files. However, based on Defendants' review of these materials to date, the vast majority of the Government's production fails to provide basic information about the case against Defendants, including the identities of un-indicted co-conspirators or co-participants. For the

reasons that follow, Defendants respectfully request that the Court order the Government to provide the particulars requested, as set forth in Section II below.

## ARGUMENT

Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge against him or her, thereby enabling a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he or she be prosecuted a second time for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). A decision of whether to grant a bill of particulars is one which rests within the sound discretion of the trial court. *Id.*

Most pressing in this case is the need for the Government to identify all unindicted co-conspirators and co-participants to enable Defendants to prepare their defense and to avoid surprise at trial. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000) ("If there are a large number of co-conspirators and a long-running conspiracy, a defendant is more likely to be surprised by the identity of other co-conspirators, whom he may never have met. If the Government has failed to provide adequate notice of the particulars, or if the discovery has been voluminous, identification of known unindicted co-conspirators will help a defendant focus his investigation and prepare for trial.").

Indeed, in many cases, the Government *voluntarily* provides the defense with a list of co-conspirators. *See, e.g.*, *United States v. Blaszczak*, Dkt. 109 at pg. 85, No. 17-CR-357(LAK) (S.D.N.Y. Dec. 20, 2017) (noting Government had already voluntarily identified known co-conspirators); *United States v. Nordlicht*, No. 16-CR-00640(BMC), 2017 WL 4797829, at *2 (E.D.N.Y. Oct. 23, 2017) (noting Government had voluntarily provided names of unindicted co-conspirators); *United States v. Mahabub*, No. 13-CR-908-1(AJN), 2014 WL 4243657, at *3 (S.D.N.Y. Aug. 26, 2014) (following motion for bill of particulars, Government agreed to provide

identities of co-conspirators); *United States v. Clarkson Auto Elec., Inc.*, No. 10-CR-6111G(CJS)(MWP), 2014 WL 3906324, at *5 (W.D.N.Y. Aug. 8, 2014) (same); *United States v. Teeple*, Dkt. 80-19, No. 13-CR-339(VEC) (S.D.N.Y. Mar. 19, 2014) (government voluntarily provided bill of particulars identifying co-conspirators and other relevant information); *United States v. Steinberg*, No. 12-CR-121(RJS) (S.D.N.Y.), Dkt. 287 at pg. 6 (July 9, 2013) (noting that "the government has agreed to identify . . . the identities of all of Mr. Steinberg's alleged co-conspirators known to the government"), and Dkt. 299 (Sept. 19, 2013) (bill of particulars listing co-conspirators and details); *United States v. Martoma*, No. 12-CR-973(PGG), 2013 WL 2435082, at * 7 (S.D.N.Y. June 5, 2013) (Government agreed to provide list of co-conspirators); *United States v. Newman*, Dkt. 59, No. 12-CR-121(RJS) (S.D.N.Y. May 11, 2012) (bill of particulars naming numerous alleged co-conspirators and providing details); *United States v. Yaron*, Dkt. 87 at pg. 28, No. 10-CR-363(GBD) (S.D.N.Y. May 12, 2011) (noting "the Government has voluntarily produced three Voluntary Bills of Particular, apprising the defendants of unindicted co-conspirators and the specific projects that were affected by the charged conspiracies"); *United States v. VanCamp*, Dkt. 43 at pg. 5, No. 10-CR-92(HKS) (W.D.N.Y. May 6, 2011) (in response to defense motion, Government voluntarily agreed to provide a "list of coconspirators"); *United States v. Daugerdas*, No. 09-CR-581(WHP) (S.D.N.Y.), Dkt. 256-1 (Jan. 19, 2011) and Dkt. 296, (Feb. 3, 2011) (Government filed voluntary bill of particulars listing over 130 co-conspirators); *United States v. Rajaratnam*, No. 09-CR-1184(RJH), 2010 WL 2788168, at *2 (S.D.N.Y. July 13, 2010) (Government provided initial bill of particulars including "co-conspirators, charged and uncharged, who are alleged to have participated in each count"); *United States v. Kumar*, Dkt. 117 at pg. 7, No. 04-CR-846(ILG) (E.D.N.Y. Dec. 7, 2005) (in response to defense motion, Government provided list of co-conspirators); *United States v. Jaeggi*, Dkt. 194, No. 04-CR-

519(LDW) (E.D.N.Y. Sept. 28, 2005) (Government agreed to identify alleged co-conspirators and did so within one week); *United States v. Anton*, No. 99-CR-1019(RPP), 2000 WL 134328, at *3 (S.D.N.Y. Feb. 3, 2000) (Government mooted portion of bill of particulars motion by identifying co-conspirators); *United States v. Moazzam*, No. 92-CR-152(TPG), 1993 WL 36175, at *1 (S.D.N.Y. Feb. 5, 1993) ("[t]he Government concedes that defendant is entitled to 'the names of all co-conspirators, to the extent such persons are known to the Government'").

The DOJ's Justice Manual even *assumes* that co-conspirators will be identified in bills of particulars and provides:

> With respect to bills of particulars that identify unindicted co-conspirators, prosecutors generally should seek leave to file such documents under seal. Prosecutors shall comply, however, with any court order directing the public filing of a bill of particulars.

Justice Manual § 9-27.760.[2]  In fact, the practice of requesting this type of information has been commonplace for some time and is often granted.  *See United States v. Failla*, No. CR-93-00294(CPS), 1993 WL 547419, at *7 (E.D.N.Y. Dec. 21, 1993) (noting that "the request for the names of unindicted co-conspirators is a fairly common request and one that is generally granted by the district courts" and ordering Government to provide list with particularization as to each defendant and each paragraph of indictment that referred to "others").

Finally, district courts in the Second Circuit frequently exercise their discretion to direct the Government to provide the names of co-conspirators.  *See, e.g.*, *United States v. Johnson*, Dkt. 61, No. 16-CR-457(NGG) (E.D.N.Y. May 24, 2017) (Memorandum and Order) (ordering Government to provide list of all unindicted co-conspirators); *United States v. Walters*, Dkt. 72, No. 16-CR-338(PKC) (S.D.N.Y. Sept. 23, 2016) (referring to previous grant of motion for bill of

---

[2]   *Available at* https://www.justice.gov/jm/jm-9-27000-principles-federal-prosecution#9-27.760.

particulars to identify, *inter alia*, co-conspirators); *United States v. Barrett*, 153 F. Supp. 3d 552, 572-73 (E.D.N.Y. 2015) (Matsumoto, J.) (ordering bill of particulars); *United States v. Barrera*, 950 F. Supp. 2d 461, 477-78 (E.D.N.Y. 2013) (Kuntz, II, J.) (noting that even in cases involving violent crimes but not "extreme acts of violence," disclosure of known co-conspirators is often ordered); *United States v. Gupta*, Dkt. 47, No. 11-CR-907(JSR) (S.D.N.Y. April 9, 2012) (providing supplemental particulars in response to court order and identifying, *inter alia,* known co-conspirators); *United States v. Kahale*, 789 F. Supp. 2d 359, 373 (E.D.N.Y. 2009) (Matsumoto, J.) (ordering bill of particulars identifying co-conspirators; "in order to adequately prepare for trial and avoid unfair surprise, the defendants must be able to ascertain which primary actors [he is] accused of having conspired with"), *aff'd sub nom*, *United States v. Graham*, 477 F. App'x 818 (2nd Cir. 2012); *United States v. Oruche*, No. 07-CR-0124(WHP), 2008 WL 612694, at *3 (S.D.N.Y. Mar. 5, 2008) (ordering disclosure of co-conspirators where alleged conspiracy spanned several years), *aff'd sub nom*, *United States v. Oluigbo*, 375 F. App'x 62 (2nd Cir. 2010); *United States v. Savin*, No. 00-CR-45(RWS), 2001 WL 243533, at *3 (S.D.N.Y. March 13, 2001) (ordering Government to identify "others" with whom the defendant was alleged to have acted); *United States v. Lino*, No. 00-CR-632(WHP), 2001 WL 8356, at *13 (S.D.N.Y. Jan. 2, 2001) (ordering Government to, "well in advance of trial," identify individuals referred to in indictment or to be referred to at trial, and rejecting Government's offer to provide information only one month before trial); *Nachamie*, 91 F. Supp. 2d at 570-71 (ordering Government to provide names of all known, unindicted co-conspirators); *Failla*, 1993 WL 547419, at *7 (ordering Government to identify "with respect to each defendant and with respect to each paragraph of the indictment in which the word 'others' appears, the identity of the person or persons").

## I.    PARTICULARS ARE REQUIRED TO IDENTIFY CO-CONSPIRATORS TO PREPARE FOR TRIAL AND AVOID SURPRISE.

To assess whether a bill of particulars providing the names of unindicted co-conspirators would accomplish the permissible goals of providing a defendant with necessary information to prepare for trial and avoid surprise, Courts in the Second Circuit have routinely examined the following six factors:

> (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the Government otherwise has provided adequate notice of the particulars; (4) the volume of pretrial disclosure; (5) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the Government's investigation.

*Nachamie*, 91 F. Supp. 2d at 572.   As discussed below, a balancing of these factors overwhelmingly favors granting a bill of particulars in this case.

Here, there are three indicted defendants, two anonymous participants in the alleged scheme ("John Doe" and "Jane Doe" in the Indictment), and an unknown number of "others," *i.e.*, additional unindicted co-conspirators and co-participants.   Given the breadth of the alleged scheme, the number of unindicted alleged co-conspirators could be significant.   The Indictment alleges, in general terms,  a lengthy scheme, spanning from 2011 through 2017, involving a large number of employees and a failure to remit more than $1 million owed to several union benefits funds in connection with "covered work" allegedly performed by the employees.   "[A] large number of co-conspirators and a long-running conspiracy" increase the chance of surprise to the defendant at trial.   *Nachamie*, 91 F. Supp. 2d at 572-73.   Accordingly, the first two factors—number of co-conspirators and duration and breadth of conspiracy—weigh heavily in favor of granting a bill of particulars.   *See id.* (granting bill of particulars identifying unindicted co-conspirators in case involving "large number of co-conspirators (eight defendants and an unknown number of unindicted co-conspirators)" and lasting "significant period of time (more than three

years)"); *Oruche*, 2008 WL 612694, at *4 (finding "breadth of the conspiracies" which spanned a "number of years (more than three) and continents" weighed "in favor of disclosure of the unindicted co-conspirators").

With regard to the third and fourth factors, the over 125,000 documents the Government has produced so far reveal a litany of names and entities but fail to illuminate whom the Government considers to be unindicted co-conspirators and co-participants in the alleged scheme. Without the identities of the unindicted co-conspirators, Defendants will face a substantial risk of surprise at trial. The voluminous discovery produced to date refers to an assortment of actors engaged in various efforts, but those persons' roles in the alleged scheme, if any, are unclear. Indeed, for much of the Government's discovery, it is unclear how it is at all related to the Indictment.

Moreover, the Government does not allege that Defendants and any unindicted co-conspirators were engaged *solely* in illegal business practices.  Rather, the Government alleges that while engaging in a lawful and legitimate business with hundreds of employees, Navillus failed to remit a very small fraction of the amount it allegedly owed to several benefit funds over the course of several years.  During the seven years of the alleged conspiracy, Navillus worked on dozens of large construction projects in different locations, involving hundreds (if not thousands) of workers, including members of numerous unions, and a multitude of entities serving as general contractors, subcontractors, suppliers, and vendors.  Therefore, given the breadth and length of the alleged scheme, distinguishing between lawful and allegedly unlawful business activity and identifying the full universe of unindicted co-conspirators will not be possible without the particulars requested.

Further, given the nature of the Indictment's allegations, it is not even apparent that document discovery could suffice to identify the unindicted co-conspirators. The Indictment alleges a scheme involving an untold number of employees engaged in physical labor for a construction company. Accordingly, there may be alleged participants—perhaps a very large number—whose alleged involvement in the conspiracy would not be reflected in emails or other documentation for the simple reason that their jobs do not typically require many written communications.

As the Second Circuit and courts in this district have recognized, voluminous discovery does not relieve the Government of its notice and specificity obligations. To the contrary, reams of discovery frequently heighten—rather than mitigate—the need for a bill of particulars to allow a defendant to focus his efforts and avoid "wast[ing] precious pre-trial preparation time guessing which statements he has to defend against or [who] may be witnesses against him at trial." *United States v. Kaplan*, No. 02-CR-883(DB), 2003 WL 22880914, at *16 (S.D.N.Y. Dec. 5, 2003) (internal quotation marks omitted); *see also Bortnovsky*, 820 F.2d at 575 ("The Government did not fulfill its [notice] obligation merely by providing mountains of documents to defense counsel who were left unguided . . . ."); *Savin*, 2001 WL 243533, at *3 (ordering bill of particulars to ensure defendant would not "be forced to comb through [a] veritable mountain of documents," where Government had produced "100,000 pages of discovery"); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) (recognizing that "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.").

Fraud charges, such as those in this case, "by their nature carry a greater potential for causing unfair surprise at trial due to their complexity." *Kahale,* 789 F. Supp. 2d at 373. Accordingly, where, as here, the Government alleges fraud and a broad conspiracy transpiring over

a period of years, the Second Circuit and courts in this district have routinely directed the Government to provide details to prevent unfair surprise at trial. *See*, *e.g.*, *id.* at 374; *Savin*, 2001 WL 243533, at *2 (ordering Government, where defendant was charged with conspiracy to commit mail and wire fraud through intercompany transfers, to disclose array of particulars, including *inter alia* "the manner and entities or persons" involved in each improper transfer, to provide defendant adequate notice of particulars of alleged conspiracy); *United States v. Taylor*, 707 F. Supp. 696, 700 (S.D.N.Y. 1989) (ordering disclosure of co-conspirators' names, the date on which each joined the conspiracy, and dates and locations of conspiratorial meetings).

Further, the instant case presents no countervailing law enforcement concerns that would justify withholding particulars. There is no genuine concern that identifying co-conspirators would endanger them, nor is there any real risk that the Government's investigation of an alleged scheme that ended three years ago would be impacted by naming unindicted co-conspirators. The breadth and duration of the alleged conspiracy—together with the vagueness of the Indictment—justify the requested particulars in this case.

Finally, there is no reason for any further delay in providing the crucial information that Defendants are requesting. Defendants should be provided with a bill of particulars identifying their alleged unindicted co-conspirators sooner rather than later so that Defendants have adequate time to perform their own investigation and prepare for trial. In this case, the need for a bill of particulars is especially salient, given the general vagueness and sparse language of the Indictment, which alleges a broad scheme spanning several years. Defendants should not be forced to spend months engaged in guessing games.

Significantly, the Indictment charges only historical conduct; namely, an alleged scheme that ended three years ago, in 2017. It also clear that the government began its investigation over

-10-

five years ago, no later than mid-2015.  Therefore, unlike a case alleging an ongoing scheme, the government already knows the full universe of alleged co-conspirators; it has known for at least three years.  And presumably, when the grand jury returned the Indictment on July 29, 2020, it knew the identities of the "others" referred to throughout the Indictment.  A timely grant of Defendants' requested particulars is necessary to allow Defendants to fully understand the government's allegations against them in time to prepare a thorough defense.

Notably, the *only* reason that the government has provided for its refusal to provide the requested particulars is its unsupported assertion that it is not required to do so at this stage of the case.  In effect, the government's position will result in using the delays that have already occurred in this case—due to COVID-related days in trial scheduling and due to the government's delays in producing discovery it has had in its possession for up to five years—to further prejudice Defendants.  Defendants are entitled to use their time leading up to trial wisely in examining the facts and developing defenses.  They cannot do so without a full understanding of the allegations against them; here, that requires identification of all alleged co-conspirators.

Moreover, the Government's refusal to timely provide this fundamental information is all the more unacceptable given that Defendants have already been prejudiced by the delays that have already occurred in this case.  As counsel has previously discussed in correspondence to the Court (*see* Dkt. 26  (8/17/2020 O'Shea Ltr.) at 2), every day that goes by while Defendants await trial makes it increasingly likely that, even if they are fully exonerated, they will not have viable livelihoods to return to.  Because there is no cognizable basis for the Government's refusal to provide the requested particulars, which Defendants need to understand the allegations and prepare a thorough defense, the Government should be required to provide the particulars promptly.

## II.    PARTICULARS REQUESTED

For all of the aforementioned reasons, Defendants respectfully request that the Court order the Government to provide the particulars requested below:

1.    The identities of all of the co-conspirators—including all individuals and entities—who allegedly participated in the scheme, the dates on which they joined the alleged conspiracy, and their role in the alleged scheme.  In addition, provide, specifically:

a.    With respect to ¶ 11 of the Indictment, identify the "others" who allegedly conspired to execute, and allegedly executed a scheme to evade making the contributions that Navillus was required to make to the Benefits Funds under the CBAs;

b.    With respect to ¶ 18 of the Indictment, identify the "others" who allegedly knowingly and intentionally conspired;

c.    With respect to ¶ 21 of the Indictment, identify the "others" who allegedly transmitted and caused to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds;

d.    With respect to ¶ 24 of the Indictment, identify the "others" who allegedly caused matters and things to be delivered by mail and private and commercial interstate carrier;

e.    With respect to ¶ 27 of the Indictment, identify the "others" who did allegedly commit and cause the commission of the Overt Acts in ¶ 27;

f.    With respect to ¶ 29 of the Indictment, identify the "others" who allegedly did knowingly and intentionally embezzle, steal and unlawfully and willfully abstract and convert to their own use and the use of one or more others, moneys, funds, credits, property and other assets of one or more employee pension and welfare plans;

g.    With respect to ¶ 31 of the Indictment, identify the "others" who did allegedly knowingly and willfully conspired to make and cause to be made one or more false statements and representations of fact, and concealed, covered up and failed to disclose one or more facts as alleged in Count Ten;

h.    With respect to ¶ 32 of the Indictment, identify the "others" who allegedly did commit and cause the commission of the Overt Acts in ¶ 32 of the Indictment; and,

i.    With respect to ¶ 34 of the Indictment, identify the "others" who did allegedly knowingly and intentionally make and cause to be made one or more false statements and representations of fact, and concealed, covered up and failed to disclose one or more facts . . . to-wit: the submission of one or more false Remittance Reports made to the Mason Tenders' District Council Trust Funds that omitted Employees No. 1, 2 and 3 as having performed covered work.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court order the Government to provide a bill of particulars identifying all unindicted alleged co-conspirators and co-participants promptly, and grant such other and further relief as the Court deems just.

Dated:    New York, New York
          November 6, 2020

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

By:  /s/ Sean F. O'Shea
Sean F. O'Shea
Todd Blanche
Amanda L. Devereux

200 Liberty Street
New York, New York 10281
Tel.: (212) 504-6000
Fax: (212) 504-6666
Sean.O'Shea@cwt.com
Todd.Blanche@cwt.com
Amanda.Devereux@cwt.com

*Attorneys for Defendant Padraig Naughton*

-13-