

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RTP:FTB/VTN/MAA                                              *271 Cadman Plaza East*
F. #2015R00524                                               *Brooklyn, New York 11201*

April 30, 2021

By E-mail and ECF

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:     United States v. O'Sullivan, et al.
>         Criminal Docket No. 20-272 (PKC)

Dear Judge Chen:

The government respectfully makes this submission pursuant to the Court's orders issued at the April 16, 2021 conference in the above-referenced case directing the government: (1) to identify statements made by the defendants during the course of a prior civil litigation[1] that the government may seek to admit at trial; and (2) to make an offer of proof as to the relevance and probative value of evidence establishing that the filing of the Civil Litigation led to the creation of an anonymous email account that was used in furtherance of the payroll scheme described in the indictment.

I.      Defendants' Statements Made in the Civil Litigation

The government is attaching to this filing highlighted excerpts of statements made by each of the three defendants during the Civil Litigation.  The statements are taken from "Witness Statements" for each defendant (attached hereto as Exhibit 1); declarations of Padraig Naughton and Helen O'Sullivan (attached hereto as Exhibit 2); transcripts of the deposition testimony of Donal O'Sullivan and Naughton (attached hereto as Exhibit 3); and a transcript of Donal O'Sullivan's trial testimony (attached hereto as Exhibit 4.)  The

---

[1]      As explained in the government's motion to admit certain evidence pursuant to Federal Rule of Evidence 404(b) (the "404(b) Motion") (ECF No. 82), the civil litigation comprises two civil lawsuits – Moore, et al. v. Navillus Tile, Inc., et al., 14-Civ.-8326, and Gesualdi, et al. v. Navillus Tile, Inc., et al., 15-Civ.-8441 – that were consolidated in the United States District Court for the Southern District of New York (the "Civil Litigation").

government respectfully submits that the selected statements are not hearsay, see Federal Rule of Evidence 801(d)(2), and are relevant to the allegations in the indictment and therefore admissible.  More specifically, as discussed in the government's briefs in support of the 404(b) Motion, the identified statements are relevant to establish the defendants' respective roles and responsibilities at Navillus; their knowledge of Navillus's financial and business operations; their awareness of Navillus's obligations under the relevant collective bargaining agreements; and the processes by which Navillus sought to comply with those obligations, including the submission of remittance statements to union benefits funds.  The government further submits that the defendants will not be prejudiced by admission of the statements because these statements can be characterized as having been made during the course of civil litigation without describing the underlying issues in the litigation.

II.     Relevance of the Civil Litigation to the Creation of the Anonymous Email Account

As detailed in the government's reply brief in support of the 404(b) Motion (ECF No. 140, at 7), the government seeks to argue to the jury that commencement of the Civil Litigation in late 2014 drew heightened scrutiny to the defendants' business practices.  Consequently, the defendants adopted measures designed to continue concealing the payroll scheme – specifically, the creation of an anonymous email account, [Consulting Firm]payroll9@gmail.com (the "Gmail Account"), that subsequently was used in furtherance of the payroll scheme.  The creation of this account – while discovery in the Civil Litigation was being conducted in earnest – reflects the defendants' intent and consciousness of guilt in carrying out the charged payroll scheme.

As described in the indictment, beginning in 2011, the payroll scheme involved the regular transmission of payroll information from Navillus to the Consulting Firm.[2]  This usually was accomplished through emails from Navillus business email accounts, including emails sent from Helen O'Sullivan's Navillus email account.  In early 2015, however, the Gmail Account was created and, with rare exceptions,[3] subsequently used to transmit the payroll information to the Consulting Firm.

The timing and sequence of events suggest that the commencement of, and progress of discovery in, the Civil Litigation motivated the defendants' creation of the Gmail Account.  The defendants had been engaging in the payroll scheme since 2011, but it was not until after commencement of the Civil Litigation that they created and began using the Gmail Account.

---

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed in the 404(b) Motion.

[3]     The government is aware of at least three instances following the creation of the Gmail Account when Helen O'Sullivan transmitted the weekly payroll information to the Consulting Firm from her Navillus email account.

As reflected on the Civil Litigation docket, the initial complaint was filed on October 17, 2014, and summonses were served on Navillus, Donal O'Sullivan, and Helen O'Sullivan that month.  (14-Civ.-8326, ECF Nos. 1, 9, 12, 13.)  According to the docket, District Judge Colleen McMahon held an initial conference on December 12, 2014, at which she ordered that discovery was to be completed within ninety days.  By order dated February 2, 2015, Judge McMahon extended the deadline for the completion of discovery to March 23, 2015.  (Id. at ECF 50.)  On January 9, 2015, counsel for Navillus, Donal O'Sullivan, and Helen O'Sullivan filed a "Statement of Compliance with Rule 6 of Judge McMahon's Rules Governing Electronic Discovery."[4]  (Id. at ECF No. 27.)  The statement of compliance filed by counsel referenced a "personal [AOL] e-mail account" used by Donal O'Sullivan.  (Id.)  The statement further represented that "Helen O'Sullivan does not have an active personal e-mail account."  (Id.)

According to records obtained from Google, the Gmail Account was created on March 4, 2015 – while civil discovery was ongoing[5] and soon after Donal O'Sullivan and Helen O'Sullivan's Statement of Compliance to the Court regarding electronic materials.  In creating the Gmail Account, the subscriber did not provide anyone's name, identifying itself only as "[Consulting Firm] Payroll."  (Id.)  The subscriber similarly did not provide any back-up email address or telephone number.  (Id.)

Despite these efforts not to associate the Gmail Account with Navillus, the government's evidence will show that the Gmail Account in fact was used by Navillus.  Business records from an internet service provider reflect that the internet protocol ("IP") address used to log out of the Gmail Account on April 27, 2016 at approximately 4:00 p.m. (GMT) was subscribed to "Navillus Tile Inc."[6]  In addition, according to records obtained from Google and evidence obtained from computers at the Consulting Firm, once the Gmail Account was created, it was regularly used to transmit weekly payroll information to the Consulting Firm and to discuss issues related to the processing and issuance of paychecks by the Consulting Firm for various Navillus employees.  At least two early emails from the

---

[4]     Judge McMahon's "Rules Governing Electronic Discovery" require in relevant part that parties to civil litigation provide a "list of the most likely custodians of relevant electronic materials"; "take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians shall not be altered"; and direct "each party's counsel [to] file a statement of compliance."  See "Judge McMahon's Rules Governing Electronic Discovery," May 29, 2007, available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/cmRulesGoverningElectronicDiscovery.pdf.

[5]     For example, Naughton was deposed in the Civil Litigation on March 11, 2015 and Donal O'Sullivan was deposed on March 19, 2015.

[6]     These records were produced to the government on April 22, 2021 and are attached hereto as Exhibit 5.

Gmail Account to the Consulting Firm are signed "Helen."  After that, the emails sent from the Gmail Account to the Consulting Firm generally are not signed.

Given the sequence of events and evident efforts to conceal that the Gmail Account was being used by Navillus to transmit Navillus payroll information, a jury reasonably could infer that the Gmail Account was created in response to commencement of, and progress of discovery in, the Civil Litigation in order to ensure that the scheme could continue notwithstanding the additional scrutiny occasioned by the Civil Litigation.  A jury reasonably could find that creation of the Gmail Account reflects the defendants' fraudulent intent and consciousness of guilt.  The government therefore respectfully submits that it should be permitted to offer limited evidence regarding the timing of the commencement of, and progress of discovery in, the Civil Litigation, as it relates to creation of the Gmail Account.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By: ___/s/_____
F. Turner Buford
Meredith A. Arfa
    Assistant U.S. Attorneys
Virginia T. Nguyen
    Special Assistant U.S. Attorney
(718) 254-7000

Enclosures

cc:     Counsel of Record (by ECF and Email)

4