

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RTP:FTB/VTN/MAA
F. #2015R00524

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 3, 2021

<u>By FedEx and ECF</u>

Alan Vinegrad, Esq.
Erin Monju, Esq.
Katherine Onyshko, Esq.
Adam Margulies, Esq.
Covington & Burling, LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405

Chris Flood, Esq.
Flood & Flood
914 Preston at Main, Suite 800
Houston, TX  77002

Sean F. O'Shea, Esq.
Todd Blanche, Esq.
Amanda Devereux, Esq.
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281

> Re:   United States v. O'Sullivan, et al.
>        <u>Criminal Docket No. 20-272 (PKC)</u>

Dear Counsel:

Pursuant to the order issued by the Court at the February 16, 2021 conference in the above-referenced case and in compliance with Federal Rule of Criminal Procedure 16(a)(1)(G), the government writes to advise that it does not presently intend to call any witnesses who would offer expert opinion testimony at the trial, which is currently scheduled to begin on October 4, 2021.

As discussed at the conference, although the government does not consider them expert witnesses, in an abundance of caution, the government hereby gives notice that it intends to call witnesses from certain of the victim unions and union benefit funds.  The government anticipates that these witnesses will generally discuss, among other topics: (1) the obligations of Navillus Tile, Inc. ("Navillus") under the relevant agreements, including collective bargaining agreements ("CBAs"), entered into by Navillus and the

relevant unions; (2) the definitions of "covered work" under the terms of these agreements; (3) the respective processes by which signatories to these agreements, including Navillus, were required to report hours worked and wages paid to employees performing covered work to the union benefits funds; (4) the submission by Navillus of remittance statements and monetary contributions to the relevant union benefits funds during the time period covered by the indictment; (5) whether employees paid by Navillus through the Consulting Firm as part of the payroll scheme described in the indictment were included in the remittance statements provided by Navillus to the benefits funds as part of the processes described above; and (6) information regarding losses to the union benefits funds for employees that received compensation from the Consulting Firm for covered work with no corresponding contributions to union benefits funds by Navillus. Information related to this latter topic was generally included with the materials provided in the government's October 6, 2020 discovery production.

Enclosed as Exhibit 1 is a list of the witnesses the government may call at trial from the relevant unions and union benefits funds. As discussed at the February 16, 2021 conference, the government reserves the right to supplement or amend this list as it continues to prepare for trial. To the extent the government has in its possession reports of meetings with the identified prospective witnesses, or with individuals from the relevant unions and union benefits funds who provided information substantially similar to the anticipated testimony of the identified prospective witnesses, those reports are being produced to you with this letter (the reports are Bates labeled NAVILLUS000204403 – NAVILLUS000204440).

Very truly yours,

MARK J. LESKO
Acting United States Attorney

By: _____/s/_____

F. Turner Buford
Meredith A. Arfa
   Assistant U.S. Attorneys
Virginia T. Nguyen
   Special Assistant U.S. Attorney
(718) 254-7000

Enclosures

cc:     Clerk of the Court (PKC) (w/o Exhibit 1)