UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

DONAL O'SULLIVAN,
HELEN O'SULLIVAN, and
PADRAIG NAUGHTON,

                    Defendants.

No. 20-cr-272 (PKC)

---

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1022

*Counsel for Donal O'Sullivan*

**Table of Contents**

I.    GENERAL INSTRUCTIONS ................................................................................. 2

    A.    Charts and Summaries ........................................................................... 2
    B.    Defendants' Right Not to Testify ............................................................ 3
    C.    Witnesses Not Called to Testify ............................................................ 4
    D.    Alleged Accomplices Called by the Government to Testify ................... 5
    E.    Testimony of Law Enforcement Witnesses ............................................ 7
    F.    Individual Consideration of Each Defendant and Count ........................ 8
    G.    Prior Inconsistent Statements ................................................................ 9
    H.    Guilty Pleas of Other Individuals ........................................................ 10
    I.     Other, Uncharged Acts: John Doe's Visa Fraud .................................. 11

II.   INSTRUCTIONS RELATING TO THE CHARGES ....................................... 12

    A.    State of Mind ....................................................................................... 13
    B.    Counts 1–7 (Introduction) — Wire Fraud, Mail Fraud, and Conspiracy ............. 15
    C.    Counts 2–4 — Wire Fraud .................................................................. 16
    D.    Counts 5–7 — Mail Fraud .................................................................. 21
    E.    Count 1 — Conspiracy ........................................................................ 24
    F.    Counts 8–11 (Introduction) — Embezzlement, False Remittance Reports, and Conspiracy ......................................................................... 29
    G.    Count 9  — Embezzlement from an Employee Benefit Fund .............. 30
    H.    Count 11 — Submission of False Remittance Reports ........................ 34
    I.     Counts 8 and 10 — Conspiracy .......................................................... 37
    J.     Aiding and Abetting ............................................................................ 41
    K.    Defendants' Theory of the Defense ..................................................... 43

Pursuant to Federal Rule of Criminal Procedure 30, Defendants submit these proposed jury instructions and request that the Court instruct the jury on the law contained in these instructions. Defendants respectfully reserve the right to supplement, withdraw or modify these requests depending upon the evidence presented, the arguments of counsel, and the requests for instructions, if any, filed by the United States.[1]

---

[1] *See* Fed. R. Crim. P. 30.

## I.      GENERAL INSTRUCTIONS[2]

### A.      Charts and Summaries

The government [*or parties*] presented exhibits in the form of charts and summaries.  These charts and summaries were shown to you in order to make the evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.  It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.[3]

---

[2] We respectfully request that the Court give its standard instructions on the burden of proof, the presumption of innocence, the beyond a reasonable doubt standard, and other non-substantive matters.

[3] Adapted from *United States v. Napout*, No. 15-cr-252 (PKC) (E.D.N.Y. Dec. 26, 2017) ("*Napout*"), Doc. No. 872 at 10–11; Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, ¶ 5.05, Instr. 5-13 (2021) ("*Sand*").

**B.      Defendants' Right Not to Testify**

The defendants did not testify in this case.  Under our Constitution, they had no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt.  Therefore, you may not attach any significance to the fact that the defendants did not testify.  Nor may you draw any adverse inference against the defendants because they did not take the witness stand.  In your deliberations in the jury room, you may not consider this decision against the defendants in any way.[4]

---

[4] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 6; *see Sand*, *supra* note 3, at ¶ 5.07, Instr. 5-21.

### C.     Witnesses Not Called to Testify

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.[5]

---

[5] Adapted from Sand, *supra* note 3, at ¶ 6.04, Instr. 6-7.

### D.        Alleged Accomplices Called by the Government to Testify

You have heard two witnesses, John Doe and Jane Doe,[6] who testified that they were actually involved in planning and carrying out the conduct set forth in the indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.  For those very reasons, the law allows the use of accomplice testimony.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause the witness to tell the truth?  Did this motivation color

---

[6] Here and below, Defendants respectfully request that the actual names of John Doe, Jane Doe, and the Consulting Firm be used in the final jury instructions.  *See also* Proposed Instr. I-H (Guilty Pleas of Other Individuals), I.I (Other, Uncharged Acts: John Doe's Visa Fraud).

5

his or her testimony?  In sum, you should look at all of the evidence in deciding what credence

and what weight, if any, you will want to give to the accomplice witnesses.[7]

---

[7] Adapted from Sand, *supra* note 3, at ¶ 7, Instr. 7-5; *see Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 7–8.

### E.     Testimony of Law Enforcement Witnesses

The fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness who is not employed by law enforcement.  It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.[8]

---

[8] Adapted from *United States v. Hunt*, No. 21-cr-86 (PKC) (E.D.N.Y. Apr. 28, 2021), Doc. No. 92 at 6–7; *see* Sand, *supra* note 3, at ¶ 7.01, Instr. 7-16.

### F.      Individual Consideration of Each Defendant and Count

Donal O'Sullivan, Helen O'Sullivan, and Padraig Naughton are all on trial before you. However, you must, as a matter of law, consider each count of the indictment and each defendant's alleged involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence, or lack of evidence, about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.[9]

---

[9] Adapted from Sand, *supra* note 3, at ¶ 3.01, Instr. 3-8; *see Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 14.

### G.      Prior Inconsistent Statements

You may have heard evidence that a witness or witnesses made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.  You may consider such evidence of the prior inconsistent statement only for the limited purpose of helping you to decide whether to believe the trial testimony of the witness who is claimed to have contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much weight, if any, to give to the inconsistency in determining whether to believe all or part of the witness's testimony.[10]

---

[10] *Hunt*, No. 21-cr-86 (PKC), Doc. No. 92 at 9; *see also* Sand, *supra* note 3, at ¶ 7.01, Instr. 7-19.

### H.        Guilty Pleas of Other Individuals

You have heard testimony from a witness, John Doe, who pleaded guilty to a charge of visa fraud arising out of some of the facts that are relevant to this case.  When evidence of Mr. Doe's guilty plea was introduced, I instructed you that it was to be considered by you solely for a limited purpose.  I will explain that purpose again in a moment.  But I want to emphasize to you now that you are to draw no conclusions or inferences of any kind about the guilt of any of the defendants on trial from the fact that John Doe pleaded guilty to visa fraud.  The witness's decision to plead guilty was a personal decision about his own guilt with respect to that charge.  His decision to plead guilty may not be used by you in any way as evidence against any of the defendants on trial here.[11]

---

[11] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 11; Sand, *supra* note 3, at ¶ 7.01, Instr. 7-10.

I.        **Other, Uncharged Acts: John Doe's Visa Fraud**

You have heard evidence that John Doe admitted to engaging in visa fraud involving employees on the Consulting Firm's payroll, and that his conduct resulted in his pleading guilty to that offense.  The defendants in this case are not charged with visa fraud, and they are not on trial for committing any act other than those alleged in the indictment.  Accordingly, you may not consider John Doe's testimony on this subject as evidence that any of the defendants are in any way responsible for John Doe's visa fraud, or as a substitute for proof that the defendants committed any of the crimes charged.  Nor may you consider this evidence as proof that any of the defendants have a criminal personality or bad character.  This evidence was admitted for a much more limited purpose and can be considered by you only to the extent it relates to John Doe's credibility as a witness, and his testimony about how the Consulting Firm payroll may have begun.  This evidence may not be considered by you for any other purpose.[12]

---

[12] Adapted from Sand, *supra* note 3, at ¶ 5.10, Instrs. 5-25, 5-26.

## II.     INSTRUCTIONS RELATING TO THE CHARGES

I will now instruct you as to the legal elements of the criminal counts the government has alleged.  The defendants are formally charged in an indictment.  As I instructed you at the outset of this case, an indictment is a charge or accusation. It is not evidence and may not be considered by you in determining whether or not the government has satisfied its burden of proving the charges beyond a reasonable doubt.

In this case, the indictment contains eleven counts, all of which relate to an alleged scheme to evade paying fringe benefit contributions that were allegedly owed to seven union benefit funds. In particular, the benefit funds listed in the indictment are for the following unions:

1.  The Bricklayers and Allied Craftworkers Local Union No. 1;

2.  The New York City District Council of Carpenters;

3.  The Cement Masons Union;

4.  The Cement and Concrete Workers District Council;

5.  The Mason Tenders District Council;

6.  The Pointers, Cleaners and Caulkers; and

7.  The International Brotherhood of Teamsters Local 282.

You will be called upon to render a separate verdict on each count and as to each defendant. I will describe the elements of each of these counts in more detail in a moment.[13]

---

[13] We respectfully request that the Court give its standard instructions on venue and dates approximate.  *See Hunt*, No. 21-cr-86 (PKC), Doc. No. 92 at 13–14; *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 16–17.

A.      **State of Mind**

Because the indictment charges eleven counts, and because all of these charges require the government to prove the defendants' knowledge and intent, I will tell you now about those concepts before I address each of the eleven charges specifically.[14]

1.      **Knowingly**

Each allegation in the indictment requires that in order to sustain its burden of proof, the government must prove that a defendant acted "knowingly."  A defendant acts knowingly if he or she acts purposefully and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.[15]

2.      **Intentionally**

Each allegation in the indictment requires that in order to sustain its burden of proof, the government must prove that a defendant acted "intentionally."  Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, a defendant's acts must have been the product of his or her conscious, objective decision, rather than the product of mistake or accident.  A defendant, however, need not have been aware of the specific law that his or her conduct may have violated.[16]

---

[14] *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 18.

[15] *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 18.

[16] Adapted from *Hunt*, No. 21-cr-86 (PKC), Doc. No. 92 at 14–15; *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 18.  The last part of this Court's standard instruction (as modified in part) on the defendant's state of mind is set forth in the second paragraph of subsection 3 below.

### 3.     Good Faith

If a defendant believed in good faith that he or she was acting properly, even if the defendant was mistaken in that belief, there is no crime and the defendant must be found not guilty of the charge.  This is because a defendant who acted in good faith cannot be found to have acted knowingly and intentionally.  The burden of establishing knowledge and intent, and the consequent lack of good faith, rests on the government.  The defendant is under no burden to prove his or her good faith; rather, the government must prove that the defendant acted knowingly and intentionally, and therefore in bad faith, beyond a reasonable doubt.[17]

*                              *                              *

These issues of knowledge and intent, and whether a defendant acted in good faith, require you to make a determination about the defendants' states of mind.  A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendants' states of mind.  Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance.  You are asked to do the same here.[18]

---

[17] Adapted from Sand, *supra* note 3, at ¶ 8.01, Instr. 8-1; *United States v. Nejad*, No. 18-cr-224 (AJN) (S.D.N.Y. Mar. 12, 2020), Doc. No. 308 at 23; *United States v. Scott*, No. 17-cr-630 (ER) (S.D.N.Y. Nov. 20, 2019), Doc. No. 207 at 2008–2009.

[18] Adapted from *Hunt*, No. 21-cr-86 (PKC), Doc. No. 92 at 14–15; *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 18.

**B.     Counts 1–7 (Introduction) — Wire Fraud, Mail Fraud, and Conspiracy**

I will now instruct you on the elements of the specific counts charged in the indictment. The first seven counts of the indictment all relate to alleged wire fraud and mail fraud.

I will start by explaining the elements of wire fraud as charged in Counts 2 through 4.  I will then instruct you on the elements of mail fraud as charged in Counts 5 through 7.  Finally, I will instruct you on the law as it relates to conspiracy under Count 1.[19]

---

[19] Adapted from *United States v. Mangano*, No. 16-CR-540 (JMA) (E.D.N.Y. Feb. 28, 2019) ("*Mangano*"), Doc. No. 393 at 14.

### C.     Counts 2–4 — Wire Fraud (*18 U.S.C. § 1343*)

Counts 2 through 4 of the indictment charge the defendants with the substantive crime of wire fraud.  Specifically, Counts 2 through 4 of the indictment read as follows:

[read indictment]

The relevant statute for these counts is section 1343 of Title 18 of the United States Code. It provides:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime]."

Thus, in order to convict a defendant of wire fraud, the government must prove each of the following four elements beyond a reasonable doubt:

First:          A defendant devised or participated in a scheme or artifice to deprive the union benefit funds listed in the indictment of money or property by false or fraudulent pretenses, representations, or omissions;

Second:         The defendant did so knowingly and with intent to defraud;

Third:          The misrepresentation or omission was material; and

Fourth:         The use of the wires in furtherance of the scheme.

I will now explain further each element of wire fraud.[20]

---

[20] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 39.

### 1.     First Element: Scheme or Artifice to Defraud

The first element that the government must prove beyond a reasonable doubt is that a defendant devised or participated in a scheme or artifice to deprive the union benefit funds listed in the indictment of owed contributions of money or property by false or fraudulent pretenses, representations, or promises.  The government must also prove, beyond a reasonable doubt, that the owed contributions, as alleged in the indictment, were in fact owed and not paid.  A "scheme" is any plan or course of action formed with the intent to accomplish some purpose.  "Fraud" is a general term that embraces the various means by which an individual gains an advantage over another by false pretenses, suggestions, or suppression of the truth.  A "scheme or artifice to defraud" is any plan or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

### 2.     Second Element: Knowing and Intentional Participation in the Scheme with Specific Intent to Defraud

The second element of wire fraud is that a defendant devised or participated in the scheme knowingly, intentionally, and with the specific intent to defraud.  The definitions of knowingly and intentionally here are the same as the definitions that I gave you earlier.  "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to the union benefit funds listed in the indictment.  Whether a person acted knowingly, intentionally, and with intent to defraud is a question of fact for you to determine, like any other fact question.

Direct proof of knowledge and fraudulent intent is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence,

17

based upon a person's outward manifestations, words, conduct, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, omissions of material facts, or concealment or secrecy alone do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith or for some other purpose besides intentionally deceiving an intended victim for the purpose of depriving the victim of money or property.

In sum, in order to prove wire fraud, the government must prove beyond a reasonable doubt that the defendant knew that his or her conduct as a participant in the scheme was calculated to deceive, and the defendant nonetheless participated in the alleged fraudulent scheme for the purpose of depriving the intended victim of money or property.[21]

### 3.    Third Element: Materiality

The third element that the government must prove is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact. The failure to disclose information may constitute a fraudulent representation if the defendant was

---

[21] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 42–44; Sand, *supra* note 3, at ¶ 44.01, Instr. 44-5.

under a professional or fiduciary duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.  A representation, statement, false pretense, or omission is "material" if it is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.[22]

### 4.      Fourth Element: Use of the Wires

The fourth and final element the government must establish beyond a reasonable doubt to prove wire fraud is the use of an interstate wire communication in furtherance of the scheme to defraud.  The wire communication must pass between two or more states as, for example, an email or telephone call between New York and another state.  A wire communication also includes a wire transfer of funds between banks in different states.

It is not necessary for the defendant to be directly or personally involved in the wire communications, as long as the wire communication was reasonably foreseeable in the execution of the alleged scheme to defraud.  Evidence that a defendant agreed to cause the wires to be used by others is sufficient.  This does not mean that a defendant must specifically have authorized others to do the communication.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can be reasonably foreseen, even though not actually intended, then he or she causes the wires to be used for the

---

[22] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 44.

purposes of this element.  Furthermore, this wire use requirement is satisfied even if the wire use was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.  The use of the wires need not itself transmit a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary that all or most of the wire communications involved in the alleged scheme to defraud were sent between two or more states in the United States.  However, for the wire-use element to be satisfied, the scheme to defraud must make more than minimal use of wire communications that pass between two or more states.[23]

### 5.    Statute of Limitations

Finally, I instruct you that you cannot find a defendant guilty of wire fraud unless the government proves beyond a reasonable doubt that at least one of the alleged uses of interstate wires in furtherance of the alleged scheme to defraud occurred after July 29, 2015.[24]

---

[23] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 45; Sand, *supra* note 3, at ¶ 44.01, Instr. 44-7.

[24] *See United States v. Eisen*, 974 F.2d 246, 263–64 (2d Cir. 1992) (use of mails); *United States v. Rutigliano*, 790 F.3d 389, 401 (2d Cir. 2015) (citing *Eisen* in context of wire and mail fraud); *see also United States v. Sampson*, 898 F.3d 270, 276 (2d Cir. 2018) ("If a defendant raises a statute-of-limitations defense under § 3282(a), the government bears the burden of proving compliance with the statute to a jury beyond a reasonable doubt.").

### D.  Counts 5–7 — Mail Fraud (*18 U.S.C. § 1341*)

Counts 5 through 7 of the indictment charge the defendants with the substantive crime of mail fraud.  Specifically, Counts 5 through 7 of the indictment read as follows:

[read indictment]

The relevant statute for these counts is section 1341 of Title 18 of the United States Code. It provides:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises … for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier … or knowingly causes to be delivered by mail or such carrier according to the direction thereon … any such matter or thing, shall be [guilty of a crime]."

Thus, in order to convict a defendant of mail fraud, the government must prove each of the following four elements beyond a reasonable doubt:

First:    A defendant devised or participated in a scheme or artifice to deprive the union benefit funds listed in the indictment of money or property by false or fraudulent pretenses, representations, or omissions;

Second:   The defendant did so knowingly and with intent to defraud;

Third:    The misrepresentation or omission was material; and

Fourth:   The use of the mails in furtherance of the scheme.[25]

---

[25] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 39–42 (modified for mail fraud).

21

### 1.      First, Second, and Third Elements:  Same as Wire Fraud Instructions

The first three elements for mail fraud are the same as the first three elements for wire fraud that I just explained to you.  You must apply those instructions to the first three elements of the mail fraud counts. If you find that the government has proved beyond a reasonable doubt those same first three elements with respect to the mail fraud counts, you should consider the fourth element of the wire fraud counts.[26]

### 2.      Fourth Element:  Use of the Mails

As to the fourth and final element, the government must establish beyond a reasonable doubt the use of the mails in furtherance of the scheme to defraud.  The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.  In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others.  This does not mean that the defendant must specifically have authorized others to do the mailing.  When one does an act with knowledge that the use of the mails will follow in the ordinary course of business

---

[26] Adapted from *United States v. Finazzo*, No. 10-cr-457 (WFK) (E.D.N.Y. Apr. 22, 2013), Doc. No. 242 at 26.

or where such use of the mails can reasonably be foreseen, even though not actually intended, then he or she causes the mails to be used.[27]

### 3.   Statute of Limitations

As with the wire fraud counts, you cannot find a defendant guilty of mail fraud unless the government proves beyond a reasonable doubt that at least one of the alleged uses of the mails in furtherance of the alleged scheme to defraud occurred after July 29, 2015.[28]

---

[27] Adapted from *Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 45 (modified for mail fraud); Sand, *supra* note 3, at ¶ 44.01, Instr. 44-6.

[28] *Eisen*, 974 F.2d at 263–64.

### E.   Count 1 — Conspiracy (*18 U.S.C. § 1349*)

Count 1 of the indictment charges the defendants with conspiring to commit wire fraud and mail fraud.  The crime of conspiracy is an independent offense, and it is separate and distinct from the alleged wire fraud and mail fraud charged in Counts 2 through 7.

With respect to Count 1, the indictment reads:

[read indictment]

The relevant statute for these counts is section 1349 of Title 18 of the United States Code. It provides:

> "Any person who attempts or conspires to commit any offense under this chapter [that is, the chapter that United States Code that includes the wire fraud and mail fraud offenses] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

In order to sustain its burden of proof on this charge, the government must prove each of the following two elements beyond a reasonable doubt:

First:      the conspiracy existed—that is, two or more persons entered into the unlawful agreement charged in Count 1 of the indictment, and

Second:    the defendant knowingly and intentionally became a member of the conspiracy.

### 1.   First Element:  Existence of Conspiracy

The first element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is the existence of the charged conspiracy.  This element has two parts: (a) an agreement and (b) an illegal goal.  Count 1 alleges that the goal of the conspiracy alleged here

24

was to commit wire fraud and mail fraud with respect to an alleged scheme to evade paying fringe benefits allegedly owed to the union benefit funds listed in the indictment.

### a)   Agreement

Starting with the first part of element one, to meet its burden of proof, the government must prove beyond a reasonable doubt that there was an agreement between two or more people to violate the law.  To meet its burden of proof, it is enough for the government to prove that two or more people expressly or impliedly came to an understanding to violate the law.  In other words, the government must prove that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.[29]

### b)   Illegal Goal

The second part of element one is an illegal goal.  The government alleges that the goals of the conspiracy charged in Count 1 were to commit wire fraud and mail fraud with respect to an alleged scheme to evade paying fringe benefits that were allegedly owed to the union benefit funds listed in the indictment.  Accordingly, to meet its burden of proof here, the government must prove beyond a reasonable doubt that the members of the conspiracy entered the conspiracy in order to commit either wire fraud or mail fraud, the crimes charged in Counts 2 through 7 of the indictment. The instructions I gave you for Counts 2 through 7 are thus incorporated here as well.  Except that, because Count 1 charges a conspiracy, the government does not have to prove that anyone actually committed wire fraud or mail fraud; it need only prove that there was an agreement to do so.[30]

---

[29] Adapted from Sand, *supra* note 3, at ¶ 19.01, Instr. 19-4; *Mangano*, No. 16-cr-540 (JMA), Doc. No. 393 at 22−23, 36; *see also Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 20.

[30] Adapted from *Mangano*, No. 16-CR-540 (JMA), Doc. No. 393 at 23.

I will also note that it is not necessary for the government to prove both goals of the conspiracy, that is, both wire fraud and mail fraud.  An agreement to accomplish any one illegal goal is sufficient.  But if you do not unanimously find beyond a reasonable doubt that both of the goals were proven, you must be unanimous as to which goal, if any, you do find proven.  In other words, to return a verdict of guilty on Count 1 as to the defendant you are considering, you must be in agreement with respect to at least one goal of the conspiracy charged in this Count.[31]

### 2.  Second Element:  Knowing and Intentional Membership

If and only if you find the first element satisfied beyond a reasonable doubt, then you must consider whether the government has proven beyond a reasonable doubt that the defendant you are considering knowingly and intentionally became a member of the conspiracy with an awareness of the generally unlawful nature of the conspiracy.

As I have previously instructed you, an act is done "knowingly" and "intentionally" if it is done deliberately and purposefully, rather than the product of mistake, accident, negligence, good faith belief, or some other innocent reason.  In other words, it is not enough that a defendant acts in a manner that happens to further the purposes or objectives of the conspiracy.  Instead, the government must prove beyond a reasonable doubt that the defendant you are considering acted, with knowledge and intent, to become a member of the conspiracy.

In addition, to meet its burden of proof on this element, it is not necessary for the government to prove that the defendant you are considering was fully informed of all the details of the conspiracy or knew all of its participants.  However, the government must prove that he or

---

[31] Joint Requests to Charge, *United States v. Insaidoo*, No. 16-cr-156 (VM), 2017 WL 7512221, at Request No. 18 (S.D.N.Y. Mar. 24, 2017).

she knew at least one other member of the conspiracy and at least one of its unlawful goals.  What is necessary is that the defendant you are considering must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

I want to caution you, however, that the mere presence of a defendant in an area where a conspiratorial agreement is being planned by others does not make that person a member of the conspiracy, even if he or she knows that the conspiracy exists.  The defendant you are considering would be guilty of the offense if, and only if, in addition to knowing of the conspiracy, he or she intentionally participated in the conspiracy with the purpose of helping to achieve its illegal goal.

Similarly, a defendant's mere association or friendship with a conspirator does not make the defendant a member of the conspiracy, even if he or she knows that the conspiracy exists.  Nor can you find that a defendant is a member of a conspiracy solely because the defendant holds a particular position or function at a company where an alleged conspiracy occurred.  In other words, knowledge of the conspiracy and association with conspirators are not enough. Rather, to satisfy this element, you must find that the defendant you are considering intentionally participated in the conspiracy with the purpose of helping to achieve its illegal goal.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendants must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The fact that a defendant worked at a company does not establish a particular defendant's intent to participate in a conspiracy.  A person cannot be found to have entered into an agreement with other employees of a company based solely on his or her title or functions within a company.[32]

In sum, to meet its burden on this element, the government must prove beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal goal.[33]

*                    *                    *

If you find that the government has proven each of these required elements of conspiracy beyond a reasonable doubt, then you should find the defendant you are considering guilty on Count 1.  On the other hand, if you find that the government has not proven even one of these required elements beyond a reasonable doubt, then you must find the defendant you are considering not guilty on Count 1.[34]

---

[32] Adapted from *Pattern First Circuit Jury Instructions* (Criminal), Instr. No. 4.18.371(1) (p. 109) (2018).

[33] Adapted from Sand, *supra* note 3, at ¶ 19.01, Instrs. 19-3S, 19-6; *Pattern First Circuit Jury Instructions* (Criminal), Instr. No. 4.18.371(1) (2018); *Mangano*, No. 16-cr-540 (JMA), Doc. No. 393 at 24; *see also Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 20.

[34] Adapted from *United States v. Sampson*, No. 13-cr-269 (DLI) (E.D.N.Y. July 15, 2015), Doc. No. 198 at 39.

**F.      Counts 8–11 (Introduction) — Embezzlement, False Remittance Reports, and Conspiracy**

I will now turn to the last four counts of the indictment:  Counts 8, 9, 10, and 11.  I will first explain the elements of the offense charged in Count 9, which alleges embezzlement from an employee benefit fund.  I will then turn to the elements of Count 11, which alleges the submission of false remittance reports.  Finally, I will instruct you on the elements of conspiracy under Counts 8 and 10.[35]

---

[35] Adapted from *Mangano*, No. 16-CR-540 (JMA), Doc. No. 393 at 14.

### G.    Count 9 — Embezzlement from an Employee Benefit Fund (*18 U.S.C. § 664*)

Count 9 of the indictment charges the defendants with embezzling property, credits, or other assets from an employee benefit fund.  Specifically, Count 9 reads as follows:

[read indictment]

The relevant statute is section 664 of Title 18 of the United States Code, which provides in part that:

"Any person who embezzles, steals, or unlawfully, and willfully abstracts or converts to his own use or to the use of another, any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith [is guilty of a crime]."

For the government to satisfy its burden of proof as to a defendant on this count, it must prove the following elements beyond a reasonable doubt.

First:          The defendant embezzled, stole, or converted to his or her own use, or to the use of another, the property, credits, or other assets of an employee benefit fund;

Second:       The property, credits, or assets were from an "employee welfare benefit plan" or "employee pension benefit plan," or a fund connected to such a plan, as those terms are defined under a federal statute called "ERISA"; and

Third:         The Defendants acted knowingly and intentionally.

I will now instruct you further on each of these three elements. [36]

---

[36] Adapted from Sand, *supra* note 3, at ¶ 27.01, Instr. 27-1, 27-3.

30

### 1.      First Element: Embezzled, Stole, or Converted Fund Assets

The first element the government must prove beyond a reasonable doubt is that the defendant embezzled, stole, or converted to his or her own use or the use of another an employee benefit fund's property, credits, or other assets.  Here, the government alleges that the "property, credits, or other assets" that were embezzled, stolen, or converted were the contractual rights of union benefit funds to collect fringe benefit contributions that the defendants' company allegedly owed on behalf of its employees. The government must also prove, beyond a reasonable doubt, that the allegedly owed contributions, as alleged in the indictment, were in fact owed and not paid.

As for the methods of committing this offense, "embezzlement" is the conversion of money or property to one's own use by a person who comes into possession of such monies or property by reason of a position of trust.  Embezzlement encompasses the use of monies or property placed in one's custody for a limited purpose in an unauthorized manner or to an unauthorized extent.

"Stealing" is taking property from a rightful owner without permission and depriving the owner of the rights and benefits of ownership of the property.  Stealing is distinguished from embezzlement in that embezzlement requires that the property come into the possession of a person lawfully because of his or her position of trust.

"Converting" means using property without authorization or right and doing so unlawfully. It includes conduct that substantially interferes with or prevents the exercise of intangible rights.[37] In addition, the phrase "to their own use or the use of another" means that one has custody and control over property and can direct its disposition.  It does not mean, nor is the government

---

[37] *United States v. O'Sullivan*, No. 20-cr-272 (PKC), 2021 WL 1979074, at *3 (E.D.N.Y. May 18, 2021).

required to prove, that a defendant or another person actually benefitted from an asset that was converted.[38]

### 2.   Second Element: "Employee Welfare Benefit Plan" or "Employee Pension Benefit Plan," or a Connected Fund

The second element is that the property, credit, or other asset—here, the alleged right to collect fringe benefit contributions—belonged to an "employee welfare benefit plan" or "employee pension benefit plan," or a fund connected to such a plan, as defined by the Employee Retirement Income Security Act, a federal statute abbreviated as "ERISA."   Under ERISA, an "employee welfare benefit plan" or connected fund encompasses any plan, fund, or program established or maintained by an employer, or by an employee organization, that provides for its participants or their beneficiaries medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death, or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarships funds, or prepaid legal services.   An "employee pension benefit plan" or connected fund is any plan, fund, or program established or maintained by an employer, or by an employee organization, that provides retirement income to employees or results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.[39]

### 3.   Third Element: Knowing and Intentional Action

The third element of the offense that the government must establish beyond a reasonable doubt is that the defendant acted knowingly and intentionally, as I have previously defined those terms for you.   The taking of a union fund asset therefore does not, in itself, establish a violation

---

[38] Adapted from Sand, *supra* note 3, at ¶ 27.01, Instr. 27-4.

[39] Adapted from Sand, *supra* note 3, at ¶ 27.01, Instr. 27-5.

of the statute.  Rather, the government must prove beyond a reasonable doubt that the defendant embezzled, stole, or converted an employee benefit fund's right to collect benefits with the specific intent to deprive the employee benefit fund of that asset.[40]

As with other crimes that require knowledge and intent, good faith is an absolute defense to this charge.  Accordingly, the government must prove beyond a reasonable doubt that the defendants did not act in good faith with respect to the union benefit funds' alleged right to collect benefits as alleged in the indictment.

### 4.    Statute of Limitations

In order to convict a defendant of embezzlement from an employee benefit fund as charged in Count 9, the government must prove beyond a reasonable doubt that the three elements I just described are satisfied for at least one alleged instance of embezzlement that occurred after July 29, 2015.[41]

---

[40] Adapted from Sand, *supra* note 3, at ¶ 27.01, Instr. 27-6; *see United States v. McCarthy*, 271 F.3d 387, 397 (2d Cir. 2001), *abrogated on other grounds by Eberhart v. United States*, 546 U.S. 12 (2005).

[41] *See O'Sullivan*, 2021 WL 1979074, at *9 (dismissing Count 9 as to pre-limitations conduct).

33

H.      **Count 11 — Submission of False Remittance Reports** (*18 U.S.C. § 1027*)

Count 11 of the indictment charges the defendants with submitting false reports regarding facts that are required to be disclosed under ERISA.  Specifically, Count 11 reads as follows:

[read indictment]

The relevant statute is section 1027 of Title 18 of the United States Code.  It provides:

"Whoever, in any document required by [ERISA] . . . to be published, or kept as part of the records of any employee welfare benefit plan or employee pension benefit plan, or certified to the administrator of any such plan, makes any false statement or representation of fact, knowing it to be false, or knowingly conceals, covers up, or fails to disclose any fact the disclosure of which is required by such title or is necessary to verify, explain, clarify or check for accuracy and completeness any report required by such title to be published or any information required by such title to be certified, shall be [guilty of a crime]."

For the government to satisfy its burden of proof as to a defendant on this count, it must prove all the following elements beyond a reasonable doubt.

First:          the defendant made a false statement or representation of fact, or concealed, covered up, or failed to disclose a fact;

Second:     the defendant did so knowingly and intentionally;

Third:        the false statement, representation, or concealment of fact was made in a document required by ERISA to be kept as part of the records of an employee benefit plan;

Fourth:      the plan in question was an employee benefit plan under ERISA.[42]

---

[42] *See United States v. Somerstein*, 971 F. Supp. 736, 743 (E.D.N.Y. 1997) (stating the four elements of a violation of 18 U.S.C. § 1027).  Regarding the requirement that the defendant act "intentionally," see *United States v. Martorano*, 767 F.2d 63, 66 (3d Cir. 1985) ("[A] general intent (a failure to disclose) . . . is required to prove a violation of  § 1027."); *see also United States v. Novak*, 443 F.3d 150, 160 (2d Cir. 2006) (government alleged that the defendant "knowingly *and intentionally* reported in ERISA documents false information," in violation of § 1027 (emphasis

34

### 1.  First Element:  False Statement, Representation, or Concealment

The first element that the government must prove beyond a reasonable doubt is that the defendant made a false statement or representation of fact, or concealed, covered up, or failed to disclose a fact.  The government must also prove, beyond a reasonable doubt, that the false statement, representation or failure to disclose was required to be reported or disclosed, as alleged in the indictment, and was not in fact reported or disclosed. A statement or representation is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.[43]

### 2.  Second Element:  Knowingly and Intentionally

With respect to the second element, I have already instructed you on the definitions of "knowingly" and "intentionally."   As part of those instructions, I also informed you that a defendant's good faith belief that he or she was acting properly is a complete defense that negates knowledge and intent.  You should apply those instructions here as well.

### 3.  Third Element:  Disclosure in an ERISA Document

The third element that the government must prove beyond a reasonable doubt is that the false statement, representation, or concealment of fact was made in a document required by ERISA

---

added)); Brief for the United States, *United States v. Novak*, No. 05-0108-cr, 2005 WL 5289172, at 53 n.17 (2d Cir. Aug. 22, 2005) ("Conviction under Section 1027, while not requiring proof of specific intent, does require proof of a 'voluntary, conscious failure to disclose without ground for believing that such non-disclosure is lawful or with reckless disregard for whether it is lawful.'" (quoting *United States v. Tolkow*, 532 F.2d 853, 858 (2d Cir. 1976), *overruled on other grounds by United States v. Brutus*, 505 F.3d 80 (2d Cir. 2007))).

[43] Adapted from Sand, *supra* note 3, at ¶ 36.02, Instr. 36-23 (false statements concerning federal workers' compensation benefits, in violation of 18 U.S.C. § 1920).

to be kept as part of the records of an employee benefit plan.  I instruct you that employee remittance reports are such documents.[44]

### 4.      Fourth Element: ERISA Employee Benefit Plan

With respect to the fourth element, I already instructed you on the definitions of "employee welfare benefit plan" and "employee pension benefit plan" (or any fund connected to such a plan) in connection with Count 9.  Those definitions also apply here.

### 5.      Statute of Limitations

In order to convict a defendant on Count 11, the government must prove beyond a reasonable doubt that the four elements of submitting a false remittance report are established for at least one alleged submission of a false report after July 29, 2015.[45]

---

[44] *See Somerstein*, 971 F. Supp. at 743 ("Section 1027 applies to remittance reports.").

[45] *See O'Sullivan*, 2021 WL 1979074, at *9 (dismissing Count 11 as to pre-limitations conduct).

I.        **Counts 8 and 10 — Conspiracy** (*18 U.S.C. § 371*)

Count 8 charges the defendants with conspiracy to embezzle from employee benefit funds, and Count 10 charges the defendants with conspiracy to submit false remittance reports.

Counts 8 of the indictment reads:

[read indictment]

Count 10 of the indictment reads:

[read indictment]

The relevant statute for Counts 8 and 10 is section 371 of Title 18 of the United States Code.  It provides:

"If two or more persons conspire … to commit any offense against the United States … , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States]."

In order to satisfy its burden of proof on Counts 8 and 10, the government must prove, for each of these two counts, the following three elements beyond a reasonable doubt:

First:        the conspiracy existed—that is, two or more persons entered into the unlawful agreements charged in Counts 8 and 10 of the indictment;

Second:      the defendant knowingly and intentionally became a member of the conspiracy; and

37

Third:        that, at some time during the existence of the agreement or conspiracy, at least one of the conspirators performed an overt act in order to further some objective of the conspiracy.[46]

### 1.    First and Second Elements:  Existence of Conspiracy, and Knowing and Intentional Membership

I previously instructed you on the first two elements of conspiracy in connection with Count 1, and those instructions apply here as well.  The only difference between Count 1, and Counts 8 and 10, with respect to the first two elements is the goal of the conspiracy.  For Count 8, the government alleges that the goal of the conspiracy is to embezzle from an employee benefit fund.  For Count 10, the government alleges that the goal of the conspiracy is to submit false remittance reports.  The instructions I just gave you with respect to the substantive crimes of embezzlement from an employee benefit fund and submission of false remittance reports are therefore incorporated here as well.[47]

### 2.    Third Element:  Overt Act in Furtherance of the Conspiracy

To satisfy its burden of proving the crimes charged in Count 8 and 10, the government must also prove, for each count, an element that was not required for Count 1.  Specifically, the government must prove beyond a reasonable doubt that some member of the conspiracy, not necessarily the defendant, knowingly and intentionally committed an overt act in furtherance of the conspiracy.  The definitions of "knowingly" and "intentionally" here are the same as the definitions that I gave you earlier, and therefore my instructions on good faith likewise apply here

---

[46] Adapted from *Mangano*, No. 16-cr-540 (JMA), Doc. No. 393 at 22−23, 36; Sand, *supra* note 3, at ¶ 19.01, Instr. 19-3.

[47] Adapted from *Mangano*, No. 16-CR-540 (JMA), Doc. No. 393 at 23, 29.

as well.  An "overt act" is any action intended to help achieve the object of the conspiracy.  An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy.[48]

### 3.      Statute of Limitations

In order to convict the defendant on Counts 8 and 10, the government must also prove beyond a reasonable doubt, for the count being considered, that the conspiracy operated at some point after July 29, 2015, and that a conspirator committed at least one overt act in furtherance of the conspiracy after that date.[49]

### 4.      Single versus Multiple Conspiracies

With respect to Counts 8 and 10, if, and only if, you find a defendant guilty on both of these two counts, you should proceed to Question [X] on the verdict form.  The question asks you to determine whether Counts 8 and 10 involve two separate conspiracies, as alleged by the government, or whether these counts in fact involve a single conspiracy with two illegal goals, embezzlement and the submission of false remittance reports.  If you find each defendant not guilty on Count 8 or Count 10, or if you find each defendant not guilty on both counts, then you should not proceed to Question [X].

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.  You may find that there was a single conspiracy

---

[48] Adapted from *Mangano*, No. 16-cr-540 (JMA), Doc. No. 393 at 24.

[49] *See United States v. Ben Zvi*, 242 F.3d 89, 97 (2d Cir. 2001) ("For a conspiracy charge that requires proof of overt acts to be within the statute of limitations, the (1) conspiracy must still have been ongoing within the five year period preceding the indictment, and (2) at least one overt act in furtherance of the conspiratorial agreement [must have been] performed within that period." (quotation marks omitted) (alterations in original)).

despite the fact that there were changes in either personnel, or activities, or both.  The fact that the members of a conspiracy may change does not necessarily imply that separate conspiracies exist.

Furthermore, you may find that a single conspiracy exists even though the conspiracy had more than one illegal goal, such as embezzlement and filing false remittance reports.

The question of whether there is a single conspiracy or multiple conspiracies is a fact question that depends on the totality of the circumstances.  Where, as here, there are two conspiracy counts at issue, you should consider whether there is substantial overlap in characteristics between the two allegedly distinct conspiracies.  These characteristics include, for example, the time periods of the alleged conspiracies, geographic locations, participants, overt acts, and objectives, as well as the degree of interdependence between the allegedly distinct conspiracies.

Keep in mind, however, that the crux of the crime of conspiracy is the agreement itself.  In short, if you reach Question [X], you must decide if Counts 8 and 10 involve a single agreement to commit two offenses (that is, embezzlement and submission of false remittance reports), or two agreements to commit one offense each.[50]

---

[50] *See United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006); *United States v. Macchia*, 35 F.3d 662, 667–68 (2d Cir. 1994; *see also Napout*, No. 15-cr-252 (PKC), Doc. No. 872 at 23.

J.    **Aiding and Abetting**

The substantive counts of the indictment, that is, Counts 2 through 7, Count 9, and Count 11, also charge the defendants with aiding and abetting the commission of the charged crimes.

The aiding and abetting statute provides, in relevant part, that "whoever commits an offense . . . or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." What that means is that, even if a particular defendant did not himself or herself commit the crime with which he or she is charged, the government may meet its burden of proof by proving, beyond a reasonable doubt, that:

(i) another person actually committed the offense with which the defendant is charged; and

(ii) the defendant aided or abetted that person in the commission of the offense.

If you have found that the government has satisfied its burden of proof by proving that a defendant himself or herself committed the crime, then you should not consider whether that defendant also aided and abetted another in the commission of the crime.

In order to prove a defendant guilty as an aider or abettor, the government must prove the following elements beyond a reasonable doubt:

*First*, that another person committed the crime you are considering (that is, that all of the elements of the crime previously described were committed by someone).

*Second*, that the defendant, knowing that such a crime was being committed, intentionally associated himself or herself with that crime. For this element, the government must prove that the defendant associated himself or herself with the crime with the same criminal intent that would be necessary to convict the defendant as a principal.

41

*Third*, the government must prove that the defendant intentionally took some action to make the crime succeed.

Please remember that the law does not permit guilt by association.  Therefore, the mere presence of a defendant in an area where a crime is being committed, even if coupled with knowledge by the defendant that a crime is being committed, is not sufficient to make the defendant guilty as an aider and abettor.  Such a defendant would be guilty of the offense as an aider and abettor only if, in addition to knowing of the criminal activity, he or she actually took actions intended to make the crime succeed.[51]

---

[51] Adapted from *Mangano*, No. 16-cr-540 (JMA), Doc. No. 393 at 40−41; Sand, *supra* note 3, at ¶ 11.01, Instr. 11-2.

**K.     Defendants' Theory of the Defense[52]**

[*To be requested at trial*]

---

[52] *See United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997) ("A criminal defendant is entitled to a jury instruction reflecting his defense theory for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court." (citation omitted)); *see also United States v. Rodriguez*, 222 F. App'x 61, 63 (2d Cir. 2007) ("[A] 'generalized charge' relating to the crime . . . does not cure a district court's failure to instruct the jury on the defendant's specific theory of defense." (quoting *United States v. Regan*, 937 F.2d 823, 827 (2d Cir. 1991))).