**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

October 14, 2021

**BY ECF**

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *U.S. v. Donal O'Sullivan, et al.*, No. 20 Cr. 272 (PKC)

Dear Judge Chen:

As counsel for Donal O'Sullivan and on behalf of all three defendants in the above-referenced matter, we write in advance of the jury charge conference in response to the government's requests to charge. *See* Doc. No. 201. In particular, we set forth below our objections to the government's proposed jury instructions.[1]

**1.    Request No. 2 (The Indictment), Page 7**: If a separate instruction on the indictment is given, it should be revised, consistent with this Court's recent jury charge in *United States v. Hunt*, to include the following red underlined language below:

> The defendants are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is <u>merely</u> a charge or accusation. <u>The Indictment is not itself evidence nor does it create an inference of guilt. As previously stated, the defendants have entered a plea of not guilty to the counts against him in the Indictment.</u> The Indictment in this case charges each of the defendants with eleven separate counts. Each count charges the defendants with a different crime. You must consider each count and each defendant's involvement in that count separately. You must return a separate verdict on each count for each defendant. Whether you find a defendant guilty or not guilty as to one count should not affect your verdict as to any of the other charged counts.

---

[1] We reserve the right to supplement the objections set forth herein.

**COVINGTON**

*See, e.g., United States v. Hunt*, No. 21-cr-86 (PKC) (E.D.N.Y. Apr. 28, 2021), Doc. No. 92 at 3 ("The Indictment is merely a statement of the charge against Defendant. The Indictment is not itself evidence nor does it create an inference of guilt. As previously stated, Defendant has entered a plea of not guilty to the charge against him in the Indictment."); *id.* at 12 (similar).

**2.     Request No. 4 (Knowingly, Intentionally and Willfully), Page 10**: We object to the absence of a good faith instruction in Request No. 4. Particularly given that, under the government's request to charge, the jury will be instructed on knowledge and intent both in this general *mens* rea instruction and later for the specific counts, it is only fair that the jury likewise be instructed on good faith—the absence of knowledge or intent—here and in later instructions.

**3.     Request No. 5 (Aiding and Abetting), Pages 13–14**: The government's proposed instruction on aiding and abetting under 18 U.S.C. § 2(b) is improper and should not be given. While instructions under both § 2 clauses, (a) and (b), may be warranted where a defendant is charged with assisting an *innocent* intermediary in committing a crime, *see, e.g., United States v. Concepcion*, 983 F.2d 369, 383-85 (2d Cir. 1992), that is not this case. Rather, the government's theory is that the defendants committed crimes through their interactions with alleged co-conspirators at Allied and elsewhere. Thus, instructing the jury on both subsections (a) and (b) would be inappropriate. *See Bruno v. United States*, No. 05-CV-301, 2005 WL 3311992, at *2 (N.D.N.Y. Oct. 17, 2005) ("The Second Circuit has held that, if a defendant is charged under 18 U.S.C. § 2, the Court may choose to charge the jury under subsection (a) or (b), but not both.") (citing *United States v. Cohen*, 260 F.3d 68, 77 (2d Cir. 2001)); Sand, ¶ 11.02, Instr. 11-3, Comment ("[W]hen the evidence shows that a defendant acted through a guilty intermediary, the jury may properly be instructed under either section 2(b) or section 2(a)." (emphasis added)).

**4.     Request No. 6 (Conspiracy Generally) Page 15–16**: We object to the proposed inclusion of a separate instruction on conspiracy, as it is cumulative and unnecessary. At a minimum, the second paragraph of Request No. 6, regarding the congressional purpose of proscribing the separate crime of conspiracy, should not be used. *See United States v. Calato*, 182 F.3d (Table) 901, 1999 WL 446836, at *1 (2d Cir. June 16, 1999) ("[Jury] instructions regarding the statutory purpose are generally not helpful and tend to introduce confusion.")

**5.     Request No. 7 (Mail and Wire Fraud Counts), Page 24**: We object to the second full paragraph on page 24 regarding the so-called "blame the victim" defense—and especially the inflammatory and prejudicial "fell prey" language. The defendants have not proffered any evidence or argument in support of such a defense, and thus the requested instruction is both unnecessary and needlessly prejudicial.

**6.     Request No. 8 (Mail and Wire Fraud Conspiracy), Page 30**: The following language should be added (underlined in red) so that the instruction on financial motive with respect to mail and wire fraud conspiracy is not one-sided, and reflects the defendants' theory of the case:

> Proof of a financial interest in the outcome of a scheme is not essential, although if you find that the defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of the defendant's motive to join the alleged conspiracy.

2

COVINGTON

> On the other hand, if you find that the defendant did not have a financial interest in the outcome of a scheme, you may consider that as evidence of the defendant's absence of motive to join the alleged conspiracy.

*See United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997) ("A criminal defendant is entitled to a jury instruction reflecting his defense theory for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court." (citation omitted)); *see also United States v. Rodriguez*, 222 F. App'x 61, 63 (2d Cir. 2007) ("[A] 'generalized charge' relating to the crime . . . does not cure a district court's failure to instruct the jury on the defendant's specific theory of defense." (quoting *United States v. Regan*, 937 F.2d 823, 827 (2d Cir. 1991))).

7.  **Request No. 8 (Mail and Wire Fraud Conspiracy), Pages 31–32**: The jury should be instructed on the insufficiency of mere employment-related association to prove participation in a conspiracy, as requested in the defendants' proposed instructions. *See* Doc. No. 199 at 27–28. Specifically:

    a.  The following language should be inserted before "More is required under the law" on page 31 of the government's request to charge: "Nor can you find that a defendant is a member of a conspiracy solely because the defendant holds a particular position or function at a company where an alleged conspiracy occurred."

    b.  The following language should be inserted before the first paragraph on page 32 of the government's request to charge: "The fact that a defendant worked at a company does not establish a particular defendant's intent to participate in a conspiracy. A person cannot be found to have entered into an agreement with other employees of a company based solely on his or her title or functions within a company."

8.  **Request No. 8 (Mail and Wire Fraud Conspiracy), Page 31**: We object to the inclusion of the last 5 lines on page 31, concerning the defendant's purposeful presence at the conspiracy, as there is no factual basis for this instruction, and therefore it is confusing and misleading.

9.  **Request No. 8 (Mail and Wire Fraud Conspiracy), Page 33**: We object to the inclusion of this multiple conspiracies instruction. The defendants do not intend to argue multiple conspiracies with respect to the mail and wire fraud conspiracy charged in Count One.

10. **Request No. 8 (Mail and Wire Fraud Conspiracy), Pages 33–35**: We object to the inclusion of the inapt *Pinkerton* instruction ("Liability for Acts of Co-Conspirators"). As the Second Circuit has made clear, such an instruction "should not be given as a matter of course," *United States v. Sperling*, 506 F.2d 1323, 1341 (2d Cir. 1974), and is particularly inappropriate where, as here, it would risk "the inverse of *Pinkerton*," *United States v. Salameh*, 152 F.3d 88, 149 (2d Cir. 1998)—that is, the jury inferring the existence of the conspiracy from a series of discrete activities, *see id.* In this case, that risk is particularly high, given that evidence of the alleged substantive offenses is intertwined with evidence of the alleged conspiracies.

**COVINGTON**

**11.     Request No. 9 (Embezzlement from Employee Benefit Funds), Page 36**: We object to the second paragraph on page 36 concerning the congressional purpose of § 664, as it is unnecessary, prejudicial, and confusing.  *See Calato*, 1999 WL 446836, at *1 ("[Jury] instructions regarding the statutory purpose are generally not helpful and tend to introduce confusion.").

**12.     Request No. 9 (Embezzlement from Employee Benefit Funds), Pages 38–39**: The following specific instructions should be changed as indicated below because, as currently written, they are confusing, erroneous, and/or unduly direct the jury's disposition.

>   a. In this case, I instruct you that the contractual right to collect monies owed to the Benefit Funds is a "credit" or "asset" within the meaning of the statute.~~, meaning that the contractual right to collect monies owed to the Benefits Funds is legally capable of being unlawfully converted.~~  <ins>On the other hand, unpaid benefits contributions themselves are not "assets" of a fund.</ins>
>
>   b. I have used four terms to describe the conduct prohibited by this statute: embezzled, stole, unlawfully abstracted and converted.  In this case, <ins>the government alleges that the defendants "converted"</ins> ~~as I just indicated, the Indictment charges that the relevant "asset" of the Benefits Funds is~~ the contractual right to collect monies owed to the Benefits Funds.  ~~Accordingly, of those four words, the one that applies here is unlawful conversion.~~
>
>   c. "Converting," for purposes of this statute, means committing an act or series of acts of willful interference, without lawful justification, with an asset or item of property in a manner inconsistent with another's right, whereby that other person is deprived of the use and possession of the asset or property.  ~~In this case, a defendant's intentional and fraudulent use of another company to avoid an obligation to make contributions to the Benefits Funds can constitute a conversion of the Benefits Funds' contractual rights.~~
>
>   d. When I say "converting to his or her own use," the phrase "to his or own use" means that one has custody or control over money or property or assets and can direct its disposition.  In other words, the defendant need not have benefitted directly from this act.  One's disposition of the property or asset of another without right, as if it were his or her own, is a conversion to one's own use.  ~~I instruct you that if you find that the defendant knowingly and willfully engaged in concrete efforts to substantially interfere with the exercise of a Benefits Fund's rights to collect contractually owed contributions, then that is sufficient to constitute a "conversion" within the meaning of the statute.~~

**13.     Request No. 9 (Embezzlement from Employee Benefit Funds), Pages 41–42**: The "good faith" instruction proposed in government request no. 9 is inapposite and should be replaced with the version set forth in the defendants' proposed instructions.  *See* Doc. No. 199 at 33.  The government's version is a strawman that addresses the altogether different scenario in which there is defense evidence or argument that the defendants took assets from a union fund under the belief that doing so would benefit the fund or under the belief that the assets would later be returned or replaced.  That does *not* reflect the defendants' "good faith" defense in this case—in which the

**COVINGTON**

defendants maintain that there was no interference (*i.e.*, conversion) with the benefit funds' right to contributions at all, and that to the extent there was any such interference, it was due to a good faith mistake or difference of opinion. *See Vazquez*, 113 F.3d at 386 ("A criminal defendant is entitled to a jury instruction reflecting his defense theory for which there is some foundation in the proof.").

14.     **Request No. 10 (Conspiracy to Embezzle from Employee Benefit Funds), Page 46**: We object to the absence of a statute-of-limitations instruction with respect to overt acts that are "substantially similar" to those in the indictment. Specifically, we respectfully request that the following language (underlined in red) be added: "In order for the government to satisfy its burden of proof on this element, it must prove, beyond a reasonable doubt, that at least one overt act alleged in the Indictment—or an act substantially similar to the acts alleged in the Indictment, and occurring after July 29, 2015—was knowingly and willfully committed by at least one co-conspirator in furtherance of some object or purpose of the conspiracy." *See United States v. Salmonese*, 352 F.3d 608, 614 (2d Cir. 2003) ("When a conspiracy requires proof of an overt act, the government satisfies the statute of limitations . . . if it establishes that the conspiracy operated within the five-year period preceding the indictment, and a conspirator knowingly committed at least one overt act in furtherance of the scheme within that period.").

15.     **Request No. 10 (Conspiracy to Embezzle from Employee Benefit Funds), Page 47**: We object to this multiple conspiracies instruction, which refers back to the government's multiple conspiracies instruction for the charged mail and wire fraud conspiracy. This multiple conspiracies instruction does not capture our argument regarding the *Korfant* factors, and should thus be replaced with the multiplicity instruction we request. *See* Doc. No. 199 at 41.

16.     **Request No. 10 (Conspiracy to Embezzle from Employee Benefit Funds), Page 47**: We object to this *Pinkerton* instruction for the reasons stated above.

17.     **Request No. 11 (Submission of False Remittance Reports), Pages 49–50**: We object to the absence of any reference to a *mens rea* of general intent, as set forth in our proposed instructions. *See* Doc. No. 199 at 34–35 & n.42.

18.     **Request No. 11 (Submission of False Remittance Reports), Page 50**: The erroneous reference to "unlawful conversion" in the statute of limitations sentence should be corrected, such that the sentence reads: "Finally, the government must prove beyond a reasonable doubt that the ~~unlawful conversion occurred~~ allegedly false remittance report was submitted after July 29, 2015."

19.     **Request No. 11 (Submission of False Remittance Reports), Page 50**: We object to the absence of a good faith instruction here for the reasons stated above. Such an instruction should be added to the *mens rea* (*i.e.*, second element) instruction.

20.     **Request No. 12 (Conspiracy to File False Remittance Reports), Page 51**: We object to the inclusion of the repetitive and unnecessary sentence: "As I explained earlier, a conspiracy is an offense separate from the crime the alleged conspirators intended to commit and is punishable as a crime even if the conspiracy fails to achieve its purpose."

5

**COVINGTON**

**21.** **Request No. 12 (Conspiracy to File False Remittance Reports), Page 54**:  We object to the proposed multiple conspiracies and *Pinkerton* instructions for the reasons stated above.  The former should be replaced by our requested instruction, and the latter should not be used at all.

We thank the Court for its consideration of our objections.

Respectfully submitted,

*/s/ Alan Vinegrad*

Alan Vinegrad

cc: all counsel of record by ECF